Anibal Garcia ROUSSEAU, Appellant,

v.

The STATE of Texas, Appellee.

No. 70910.

Court of Criminal Appeals of Texas, En Banc.

Feb. 5, 1992.

Brian Wice, on appeal only, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Winston E. Cochran, Jr., Charles Rosenthal and Lorraine Parker, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for State.

## OPINION

MALONEY, Judge.

Appeal is taken from a conviction for capital murder. V.T.C.A., Penal Code, Section 19.03(a)(2). After finding Appellant guilty, the jury answered the special issues in the affirmative and punishment was assessed at death. Article 37.071, V.A.C.C.P. Direct review by this Court was then automatic. Article 37.071, § 2(h), V.A.C.C.P. Appellant raises thirty-one points of error, but does not challenge the sufficiency of the evidence.

In points of error fifteen through seventeen, appellant alleges that the trial court erred in permitting the State, over defense counsel's objection, to utilize its peremptory challenges to exclude veniremembers solely on account of their race. U.S. Const. amend. XIV and XI; Tex. Const. art. I, § 10; Art. 35.261, V.A.C.C.P. We will abate this appeal and remand to the trial court for a full hearing on the State's reasons for one of the challenged peremptory strikes.

The record reflects that appellant objected to the State's use of peremptory strikes against Margie Carol Foster Burford and, some forty-five veniremembers later, James Earl Douglas. When appellant objected to the State's strike against Douglas, the State responded to the objection, giving race-neutral reasons for the strike, the court then overruled the objection. Be-

cause the record is complete as to the strike against Douglas, we limit this opinion to the actions of the parties and the trial court towards Margie Burford.

After the voir dire of Burford, the State made its strike and the appellant promptly objected, alleging that the strike was made to exclude the venirewoman based upon her race, in violation of Article 35.261, V.A.C.C.P.[1] and *Batson v. Kentucky*[2], 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986); *See also, Powers v. Ohio*, — U.S. —, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991). Immediately after appellant objected to the State's exercise of a peremptory against Burford, the trial court overruled the objection. The court made the ruling before appellant presented any evidence in support of his objection. The State did not give race-neutral reasons for the strike.

■ The State is not required to give race-neutral reasons for a challenged strike unless the defendant has established a prima facie case of discrimination. Art. 35.-261, V.A.C.C.P. This court will not review the issue of whether an appellant has established a prima facie case "unless the ruling on the prima facie case stops the fact finding process." *Hill v. State*, No. 347–90, slip op. at 7, 1992 WL 1133 (Tex.Cr. App. January 8, 1992). Such is the case we have here.

■ The State contends that appellant's objection is not timely. We first determine if the objection to the State's exercise of a peremptory challenge against Burford was timely. Since Appellant's trial occurred after the effective date of Article 35.261, V.A.C.C.P., the provisions of that article apply. *Hill*, slip op. at 6. For the objection to have been timely, it must have been made "[a]fter the parties have delivered their lists to the clerk ... and before the

court has impanelled the jury, ...." Article 35.261, V.A.C.C.P.

■ In a non-capital case, this requirement is easily understood and applied. However, the unique structure of jury selection in capital cases creates a period or window of time in which to make objections. The beginning of this window is "[a]fter the parties have delivered their lists to the clerk ...". In the context of a capital case, one cannot establish a specific time that jury lists are "delivered to the clerk". Usually, the lists are built, and thus "delivered", person by person as each individual is either struck or accepted. The end of the window is just before the court has impanelled the jury. A *jury* has been "impanelled" when its members have been both selected and *sworn*. *Hill; see also, Price v. State*, 782 S.W.2d 266 (Tex.App.— Beaumont 1989). A jury is sworn after the oath has been administered to it. Article 35.22, V.A.C.C.P., provides that the oath is to be administered to "the jury" after it has been selected. Thus, impanelling only occurs after all twelve jurors (plus any alternates) have been qualified and accepted and the *jury*, as a whole, is given the requisite oath. Therefore the practice of swearing in each juror as he or she is accepted, although discouraged by this Court, does not impact our determination of when the "jury" is sworn.

Since Appellant made his objection immediately after Burford was struck by the State, even though he did not give evidence supporting the objection until shortly before the jury was sworn, the objection was made within the permissible window and should be considered timely.[3] Hence, we proceed to determine whether appellant established a prima facie case.

1. The record indicates that the actual objection made by Appellant was that the State was using its peremptory strike in violation of "Article 1.05 and 35.06 of the Code of Criminal Procedures (sic)". We will give the appellant the benefit of the doubt that he intended Article 35.261, V.A.C.C.P., as alleged in his appellate point of error.

2. The appellant listed four or five bases for his objection; we will address only that which pertains to *Batson* and the Texas codification of that case in Article 35.261, V.A.C.C.P., in this opinion.

3. The fact that the appellant did not give evidence supporting his objection until shortly before the jury was sworn goes toward the making of Appellant's prima facie case and not toward the timeliness of the objection itself.

Under Article 35.261, V.A.C.C.P., and under *Batson,* the appellant, after his objection, must make a prima facie case that there has been purposeful discrimination before the burden shifts to the State to come forward with race-neutral reasons for the strike(s). In a capital case, an objection should be made and the evidence to support it presented immediately, or as soon as possible, after a veniremember is struck.[4] However, the prima facie case must be presented within that same window of time in which an objection is considered timely or error will be waived. Once the jury is sworn and seated, it is too late to preserve error.

In the present case, the permissible window of time began immediately after Burford was struck and ended just before the entire jury was sworn. The record reveals that appellant objected immediately after Burford was struck; however, he presented no evidence at that time to make out a prima facie case, except to establish that the veniremember was black. At the end of the questioning of Burford by both sides, the following occurred:

THE STATE: Your Honor, at this time, I would excuse Ms. Burford.

    \*    \*    \*    \*    \*    \*

THE COURT: All right. Have her wait right there. As I understand, the State is using a preemptory (sic) strike?

THE STATE: Yes, Your Honor.

THE DEFENSE: Your Honor, we would have an objection to a challenge, preemptory (sic) challenge by the State on grounds that Mr. Garcia [Rousseau] objects to the exclusion of this juror from the jury panel on the grounds where it's been excluded on a broader basis and that allowed by the Supreme Court, not only in *Wainwright,* but also on the additional grounds of *Batson v. Kentucky* in

that this is a black female, of which we've not had many blacks come through the 56 or 58 jury members that we've interviewed, Your Honor, and also in violation of the exclusion of this juror it will constitute a violation of the Defendant's right to a fair and impartial trial from a cross-section of his community, under the 6th, the 8th and the 14th Amendments to the Constitution, Article 1, Section 10 of the Texas Constitution and Article 1.05 and 35.06 of the Code of Criminal Procedures (sic).

I believe that this juror has stated to the Court that she is a fair and impartial juror and we feel that the main reason for her exclusion from serving on this jury is the basis that she is a black female and she is being excluded for those reasons, against the holding of *Batson v. Kentucky.*

THE COURT: Okay. Overruled.

It was only after appellant lodged his objection to the State's exercise of a peremptory against Douglas (some forty-five veniremembers later) that he offered evidence tending to show that the State had utilized peremptory strikes to exclude veniremembers based on race. At that time the following occurred:

THE DEFENSE: Mr. Garcia [Rousseau] objects to the exclusion of this juror from the jury panel as an alternate on the grounds that he's been excluded on a broader basis than that allowed by the *U.S. Supreme Court v. Illinois, Adams vs. Texas* and *Wainwright vs. Witt.* And the exclusion of this juror will constitute a violation of the Defendant's right to a fair and impartial jury under the 6th and 14th Amendment (sic) to the U.S. Constitution and under Article 1, Section 10 of the Texas Constitution and under Article 1.05 and 35.16 [5] of the Code of Criminal

---

4. An alternative procedure sometimes utilized in building the jury list is to question a number of veniremembers individually with no action being taken on individuals except challenges for cause. After forty-two persons have been qualified and questioned (12 to be seated as jurors and 15 strikes for each side), the parties then make their strikes and objections much the same as in a non-capital case. The twelve remaining veniremembers would then be seated

and sworn as jurors. (The numbers should be adjusted to include whatever number of alternates will also be seated.)

5. Again, we will give the appellant the benefit of the doubt that he intended Article 35.261, V.A.C.C.P., as alleged in his appellate point of error.

Procedure. And further the Court will note on my motion No. 17 [6] wherein the styled motion to preclude the prosecution from using its representatives to exclude Hispanics, persons and other groups from serving on the jury. I would like to point out to the Court that in the selection of this jury, first of all, I'd like to point out to the Court that Mr. James Douglas is a black person. I would like to point out to the Court that the preemptory (sic) challenge used by the State in this selection of this Juror No. 1, [veniremember's name omitted] as being a black female the first preemptory (sic) challenge that they exercised. The second one for a man earlier, a black male. The third one was [veniremember's name omitted] a Hispanic female, the fifth challenge they used was Margie Carol Foster [Burford—the subject of this opinion] a black female. The preemptory (sic) challenge No. 9 was [veniremember's name omitted], a black female, strike No. 11 was [veniremember's name omitted], a black male and strike No. 12 was [veniremember's name omitted], a Mexican–American female. So that out of 13 preemptory (sic) challenges used by the State seven of them were minorities. Some of them the same minorities as the person being tried in this case.[7]

\* \* \* \* \* \*

I would further urge my motion in relying on *Batson vs. Kentucky*, Your Honor.

\* \* \* \* \* \*

I would venture to say in defiance of my motion No. 17 that I have previously filed with the Court and the Court has ruled on for those reasons, Your Honor, I move that the State be asked to explain to the Court under *Batson* the preemptory (sic) challenges, the seven preemptory (sic) challenges utilized thus far for the minorities being excluded plus the six that have been challenged for cause of being either of the same race as Mr. Garcia or being those of minority black, both male and female. Thank you, Your Honor.

THE COURT: Wait. Let me state you raise *Batson*. This only (sic) time *Batson* has been raised you want the State to give an explanation to the reason for this juror, only the first time *Batson* has been brought to the Court's attention so give me—

\* \* \* \* \* \*

THE STATE: First of all, Judge, the motion has not been timely. He hasn't been timely on any of the people he's indicated so far, he's waited till they were excused before he made an objection to their racial qualifications.

THE COURT: I think the Court indicated I said I was considering only this juror.

THE STATE: Yes, sir, I understand. Just to make sure it reflects on the record our understanding of his challenges on our other State strikes.

The second prosecutor then made some preliminary remarks alleging that appellant had not made out a prima facie case as to this juror (Douglas) and that appellant's objection was not timely as to any other juror. The trial court apparently agreed with the prosecutors as it limited the remainder of the discussion to Douglas; no further testimony concerning Margie Burford was allowed.

Appellant presented evidence that seven out of thirteen strikes utilized by the State

**6.** The record indicates that Appellant filed a motion entitled "MOTION TO PRECLUDE THE PROSECUTION FROM USING ITS PEREMPTORY CHALLANGES (sic) TO EXCLUDE HISPANIC PERSONS AND OTHER GROUPS". This motion established that appellant is Hispanic and alleged that the trial court's allowance of this practice would be a violation of *Batson v. Kentucky, supra,* and *Adams v. Texas,* 448 U.S. 38, 100 S.Ct. 2521, 65 L.Ed.2d 581 (1980). The motion was granted by the trial judge at a pretrial hearing.

**7.** At this point, appellant listed six challenges for cause that the State made against minorities. Although it might be argued that the use of such challenges is indicative of the State's desire to rid the panel of minorities, it is also arguable that that indication is false. Not being relevant to Article 35.261, V.A.C.C.P., or to *Batson,* the challenges for cause will not be considered.

were against blacks and hispanics within the permissible window of time (before the entire jury was sworn). As we have already stated, appellant's objection to the excusal of Burford was timely, because his prima facie evidence was also timely presented, the issue of whether he has established a prima facie case has been preserved for our review.

■ We now determine whether a prima facie case was made. The initial burden of establishing a prima facie case is not onerous. *See, Dewberry v. State,* 776 S.W.2d 589 (Tex.Cr.App.1989) [8]; *see, generally, Emerson v. State,* 820 S.W.2d 802 (Tex.Cr. App.1991). This Court reiterated that, to make out a prima facie case, a defendant needs to show: 1) that he is a member of a cognizable racial group, 2) that the State exercised peremptory challenges to remove members of the defendant's race from the venire [9] (relying on the principle that peremptory challenges constitute a jury selection practice which permits those to discriminate who are of a mind to discrimi-

nate), and 3) that these facts and any other relevant circumstances raise an inference that the prosecutor used the peremptory challenges to exclude veniremembers on account of their race. *Salazar v. State,* 818 S.W.2d 405, 407 (Tex.Cr.App.1991).

■ In this case, appellant established that he is Hispanic, and that the State exercised several peremptory challenges against minorities. Furthermore, as illustrated by the quoted transcript, *supra,* the trial court cut off the fact-finding process concerning Burford when it mistakenly concluded that the objection to the strike exercised against Douglas was the first *Batson* objection to come before the court and restricted any further discussion strictly to Douglas. The evidence of a pattern of strikes against minorities and the restriction on the fact finding process by the trial court, together, are sufficient to establish a prima facie case. The trial court erred by not requiring the State to bring forth its race-neutral reasons for the exercise of the strike against Burford.

---

**8.** In *Dewberry, supra,* the appellant was convicted of murder. The trial court, after the Court of Appeals remanded the case for a *Batson* hearing found that the defendant had failed to make out a prima facie case and made the following conclusions of law:

> 1. Defendant is a member of the black race, a cognizable racial group.
> 2. The State exercised peremptory challenges to remove from the venire panel some members of the Defendant's racial group.
> 3. *No facts or other relevant circumstances raised an inference that the State used peremptory challenges to exclude, from the panel, members of Defendant's racial group solely on account of their race, or on account of the Defendant's race....* "

(emphasis in original).
The Court of Appeals agreed with the trial court that no prima facie showing had been made reasoning that the prosecutor's use of five of ten peremptory strikes on blacks and one black serving on the jury did not establish a prima facie case of discrimination. *Dewberry,* 743 S.W.2d 260 (Tex.App.—Dallas 1987).

This Court, however, reversed the Court of Appeals and remanded the case stating that a prima facie showing had been made. We stated that, in determining whether the defendant had made the requisite showing, the trial court should consider *all relevant circumstances,* including: "[A] 'pattern' of strikes against black jurors included in the particular venire might give rise to an inference of discrimination."

(quoting *Batson, supra*). This Court further stated that this "pattern" could be shown in a number of ways including, "... by showing that the State ... has used a disproportionate number of peremptories against the group."

In *Tompkins v. State,* 774 S.W.2d 195 (Tex.Cr. App.1987), *aff'd,* 490 U.S. 754, 109 S.Ct. 2180, 104 L.Ed.2d 834 (1989), a capital murder case, the appeal was abated and remanded to the trial court with instructions to the trial judge to hold an evidentiary hearing to determine if a prima facie case had been made and, if so, to determine whether the prosecutors could offer racially neutral explanations for the use of their strikes. The following findings of fact were then returned to this Court:

> 1. The defendant is an identifiable minority, i.e. black.
> 2. There were no blacks on the jury that tried the defendant and assessed the death penalty.
> 3. The complained of State's peremptory challenges were exercised against black venirepersons.

The trial court then concluded that these three facts, standing alone, constituted a prima facie case of purposeful discrimination. Neither party disputed this finding.

**9.** It is no longer necessary that the defendant and the struck veniremember be of the same race, only that the veniremember be a member of a minority. *Powers v. Ohio,* — U.S. —, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991).

This appeal is abated and the cause remanded to the trial court with instructions to conduct a full adversarial hearing complying with Article 35.261, V.A.C.C.P., and *Batson* concerning the State's peremptory strike of Burford. The record of that hearing, together with any findings of fact and conclusions of law derived therefrom, are thereafter to be forwarded to this Court for our review within 120 days of this opinion.

It is so ordered.

CLINTON and WHITE, JJ., concur in the result.