**L.D. MALONE, Appellant**

**v.**

**The STATE of Texas, Appellee.**

**No. C14–93–00357–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 9, 1995.

Discretionary Review Granted June 7, 1995.

Brian W. Wice, Houston, for appellant.

Alan Curry, Houston, for appellee.

Before MURPHY, YATES and FOWLER, JJ.

## OPINION

FOWLER, Justice.

Appellant entered a plea of not guilty to possession of less than 28 grams of cocaine. TEX. HEALTH & SAFETY CODE ANN. § 481.115 (Vernon 1992).[1] The jury found appellant guilty and the trial court assessed punishment at imprisonment for seven years in the Texas Department of Criminal Justice, Institutional Division. Appellant brings three points of error, challenging the trial court's denial of his *Batson* motion, and the trial

court's failure to instruct the jury pursuant to the Texas exclusionary rule. We affirm.

On the afternoon of April 8, 1991, Houston Police Officer E.T. Benson and members of the narcotics task force were in an unmarked van outside a house, waiting for the signal that an undercover officer had successfully purchased drugs inside the house. Upon receiving the signal, Officer Benson ran to the back of the house, and saw appellant standing in the back yard. When appellant saw Benson, who was wearing a Houston Police raid jacket, and had his gun in hand, he threw something onto the ground. The officer noted where the object landed, searched through the grass, and found what he recognized as a crack pipe containing a small quantity of white powder. A field test determined the powder was cocaine. He arrested appellant for possession of a controlled substance.

■ In his first two points of error, appellant argues the trial court erred in permitting the prosecution to peremptorily strike two black veniremembers, Arthur Jones and Demetra Delaney. Specifically, appellant contends the prosecutor exercised the peremptory challenges against the prospective jurors solely because they were black and, in doing so, violated TEX.CODE CRIM.PROC.ANN. art. 35.261 (Vernon 1989) and failed to follow the United States Supreme Court's decision in *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

■ The Fourteenth Amendment to the United States Constitution prohibits the State from using its peremptory strikes in a racially discriminatory way. *Powers v. Ohio*, 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991); *Batson*, 476 U.S. at 85, 106 S.Ct. at 1716. The Texas legislature has codified this prohibition at TEX. CODE CRIM.PROC.ANN. art. 35.261 (Vernon 1989). Initially, the defendant has the burden to establish a prima facie case of purposeful discrimination. *Harris v. State*, 827 S.W.2d 949, 955 (Tex.Crim. App.) *cert. denied*, —— U.S. ——, 113 S.Ct.

---

1. *Amended by* Acts 1993, 73rd Leg., ch. 900, § 2.02, effective Sept. 1, 1994 (current version at TEX. HEALTH & SAFETY CODE ANN. § 481.115 (Vernon Supp.1995), providing that possession of less than one gram of cocaine is a state jail felony).

Because the crime for which appellant was convicted was committed before September 1, 1994, the previous version of § 481.115 applies to appellant's conduct.

381, 121 L.Ed.2d 292 (1992). If the defendant makes a prima facie showing, then a "*Batson* hearing" is held at which the burden is on the State to rebut the presumption of discrimination by providing race-neutral explanations for challenging the jurors in question. *Id.* If the State comes forward with race-neutral reasons, then the burden shifts back to the defendant to impeach or refute the neutral explanations or show that they are merely a pretext for discrimination. *Salazar v. State,* 795 S.W.2d 187, 192 (Tex. Crim.App.1990). If the trial judge concludes that the State used its strikes in a discriminatory manner, then the trial judge must dismiss the entire jury panel and call a new one. TEX.CODE CRIM.PROC.ANN. art. 35.261 (Vernon 1989).

■ When an appellate court reviews a trial court's finding that no discrimination occurred, the appellate court must review the entire record, including voir dire and the *Batson* hearing, to determine if the trial court was in error. *Whitsey v. State,* 796 S.W.2d 707, 723 (Tex.Crim.App.1989) (opinion on reh'g). Findings by the trial court must be *clearly* erroneous for this court to overturn them on appeal. *Id.* (emphasis added).

■ The case before us is unusual procedurally. When defendant's *Batson* motion was made and overruled, the *Batson* hearing was held at the State's request. When defense counsel made her *Batson* motion, the trial court stated on the record that of the seven black veniremembers, one was not reached, two were struck for cause, and two were seated on the jury. The prosecutor then argued that defense counsel had not shown a prima facie case of discrimination. The trial court overruled appellant's motion. After the jury was sworn and dismissed for the day, the prosecutor asked that she be allowed to explain on the record why she struck the contested jurors. Following the prosecutor's presentation, defense counsel stated why she thought the State's reasons were merely pretextual.

Appellant claims the State waived its right to maintain that no prima facie showing of discrimination was made when it chose to give its reasons for striking jurors Delaney and Jones. *See Hill v. State,* 827 S.W.2d 860, 865 (Tex.Crim.App.), *cert. denied,* ——U.S. ——, 113 S.Ct. 297, 121 L.Ed.2d 221 (1992) (holding that when the prosecutor articulates reasons for strikes and the trial court makes a ruling on discriminatory intent, the question of whether a prima facie case was made is moot). We disagree. The record shows that the State made its offer of proof *after* the trial judge overruled the *Batson* motion. It also is clear the State made its offer of proof to avoid the time and expense of a remand if this Court were to decide that a prima facie case of discrimination was made.

■ Initially, we must decide whether the trial court's decision that appellant made a prima facie case of racial discrimination was clearly erroneous. *See Rousseau v. State,* 824 S.W.2d 579, 581 (Tex.Crim.App.1992). The burden of establishing a prima facie case is not onerous. *Id.* at 584. A defendant must show the State exercised peremptory strikes to remove members of a minority group from the venire, and that this fact along with any other relevant circumstances raise an inference that the prosecutor used the peremptory challenges to exclude veniremembers because of their race. *Batson,* 476 U.S. at 96, 106 S.Ct. at 1722–23; *Bean v. State,* 816 S.W.2d 115, 119 (Tex.App.—Houston [14th Dist.] 1991, no pet.); *see also Tompkins v. State,* 774 S.W.2d 195, 201 (Tex. Crim.App.1987), *cert. granted,* 486 U.S. 1053, 108 S.Ct. 2818, 100 L.Ed.2d 919 (1988), *aff'd per curiam,* 490 U.S. 754, 109 S.Ct. 2180, 104 L.Ed.2d 834 (1989).

■ Any racially motivated strike is impermissible. *Whitsey,* 796 S.W.2d at 727. The mere striking of a black juror, however, in and of itself does not make a prima facie case of discrimination. *United States v. Branch,* 989 F.2d 752, 755 (5th Cir.), *cert. denied, Thompson v. United States,* —— U.S. ——, 113 S.Ct. 3060, 125 L.Ed.2d 742 (1993). *See also Bean,* 816 S.W.2d at 119–20. A defendant must come forward with facts, not mere numbers alone. *Branch,* 989 F.2d at 755 (citing *U.S. v. Moore,* 895 F.2d 484, 485 (8th Cir.1990)). Factors that give rise to a prima facie case include a pattern of strikes,

the nature of questions asked by the prosecutor during voir dire, and the prosecutor's statements during voir dire. *Batson,* 476 U.S. at 96–97, 106 S.Ct. at 1722–23; *Branch,* 989 F.2d at 755; *Keeton v. State,* 749 S.W.2d 861, 867 (Tex.Crim.App.1988). A willingness on the part of the prosecutor to accept some jurors of a particular race, however, even if she strikes others, may demonstrate to the trial judge that race is not a motive in the exercise of peremptory challenges. *Jones v. State,* 845 S.W.2d 419, 423 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd).

In this case, defense counsel only offered mere numbers to support her *Batson* motion. She stated that the State struck two of the four black jurors eligible for jury service, and she could not discern any bases for the strikes. Counsel offered no other facts or circumstances to support her claim of discrimination. The judge noted for the record that of the seven black veniremembers, two were seated on the jury, two others were dismissed for cause, one was not reached, and Delaney and Jones were peremptorily struck. The trial court, who was present during voir dire and saw the interaction between the prosecutor and the jurors, overruled defendant's motion, ruling that the defendant had not made a prima facie case of purposeful racial discrimination.

■ We accord the trial judge a great deal of deference in determining the credibility of those appearing before him, and review his rulings in the light most favorable to those rulings. *Whitsey,* 796 S.W.2d at 721. Based on the record before us we do not find error in the trial court's ruling. We overrule appellant's first two points of error.

■ In his third point of error appellant argues the trial court erred in denying his request for a jury instruction pursuant to Tex.Code Crim.Proc.Ann. art. 38.23 (Vernon Supp.1995). Article 38.23 requires the trial judge to instruct the jury to disregard incriminating evidence used against the defendant at trial if the jury believes or has a reasonable doubt that the evidence was obtained in violation of a defendant's constitutional rights. The issue of whether the evidence was obtained illegally may be raised by any source, and may be strong, weak, contradicted, unimpeached, or unbelievable. *Muniz v. State,* 851 S.W.2d 238, 254 (Tex. Crim.App.), *cert. denied,* —— U.S. ——, 114 S.Ct. 116, 126 L.Ed.2d 82 (1993). No instruction is required when the evidence fails to raise a fact question as to the legality of the State's methods in obtaining the evidence. *Thomas v. State,* 723 S.W.2d 696, 707 (Tex.Crim.App.1986); *Murphy v. State,* 640 S.W.2d 297, 299 (Tex.Crim.App.1982).

Appellant testified that he was neither holding a crack pipe, nor did he throw anything away when Officer Benson approached him. Appellant argues that his testimony raises a fact question as to whether he was illegally arrested without a warrant. He further contends that the jury should have been instructed to consider whether the crack pipe was obtained as a result of an illegal arrest. In support of his argument, he cites *Reynolds v. State,* 848 S.W.2d 148 (Tex.Crim.App. 1993).

*Reynolds* involved the introduction of incriminating evidence that potentially was "the fruit of the poisonous tree." *See Crosby v. State,* 750 S.W.2d 768, 780 (Tex.Crim.App. 1987), *cert. denied,* 486 U.S. 1055, 108 S.Ct. 2821, 100 L.Ed.2d 922 (1988). This case does not present that question, as the evidence against appellant was not obtained as a result of any putative illegal arrest.[2] Appellant's testimony that he did not have a crack pipe questions only the existence of incriminating evidence and the credibility of Officer Benson, not the legality of the arrest or the manner in which the incriminating evidence was obtained. An article 38.23 instruction is not required in these circumstances. *Thomas,* 723 S.W.2d at 707; *Murphy,* 640 S.W.2d at 299. The trial court did not err in refusing appellant's request for an article 38.23 instruction. We overrule appellant's third point of error.

The judgment of the trial court is affirmed.

---

**2.** *See* Tex.Code Crim.Proc.Ann. art. 14.01 (Vernon 1977) (providing that a police officer may make a warrantless arrest when the offense is committed within his view); *Willis v. State,* 669 S.W.2d 728, 730 (Tex.Crim.App.1984).