IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-74,574





CHRIS WAYNE SHUFFIELD, Appellant



v.



THE STATE OF TEXAS





ON DIRECT APPEAL


FROM CAUSE NO. 01-F-0387-102 IN THE 102
ND JUDICIAL DISTRICT COURT


BOWIE COUNTY






 Price, J., delivered the opinion of the Court.


O P I N I O N



 In February 2003, a jury convicted the appellant of a capital murder committed
July 29, 2001. (1) Pursuant to the jury's answers to the special issues set forth in Code of
Criminal Procedure Article 37.071, Sections 2(b) and 2(e), the trial judge sentenced the
appellant to death. (2) Direct appeal to this Court is automatic. (3) The appellant raises seven
points of error. We abate and remand.

 In his fourth and fifth points of error, the appellant asserts that the trial court erred
in ruling that he failed to make a prima facie showing that the State had exercised its
peremptory strikes with a discriminatory purpose. (4) He also asserts that harm must be
presumed because Batson error is fundamental and not subject to a harm analysis. (5) 

 Under Batson, after the State uses a peremptory strike, and the appellant makes the
appropriate objection, the appellant then carries the burden of establishing a prima facie
case of discrimination. (6) The burden then shifts to the State to give race-neutral reasons
for the strike. (7) However, the State is not required to give race-neutral reasons unless and
until the defendant has established a prima facie case of discrimination. (8) 

 A prima facie case represents the minimum quantum of evidence necessary to
support a rational inference that the allegation of fact is true. (9) While the opponent of the
strike carries the burden of establishing a prima facie case of discrimination, this burden
is not onerous. (10) A defendant is entitled to rely on the fact that peremptory challenges
constitute a jury selection practice that permits those to discriminate who are of a mind to
discriminate. (11) Using this fact, plus any other relevant circumstances, the defendant may
raise an inference that the prosecutor used the practice to exclude the venire member
because of race. (12) In deciding whether the defendant has made the requisite showing, the
trial court should consider all relevant circumstances. (13) 

 The appellant made the court aware that eleven of thirteen African-American
venire members had been excused from service--five by State peremptory challenge and
four by State's challenge for cause. This statistic was at least sufficient to support an
inference of racial discrimination. (14) Once the appellant established a prima facie case, the
burden shifted to the State to offer a race-neutral explanation for the peremptory strikes. (15) 
The trial court erred in failing to require the State to bring forth race-neutral reasons for
its strikes against Venire Members Seymour, Drake, Nelson, and Talton. 

 Having held that the trial court erred in ruling that the appellant failed to make a
prima facie case on his challenges to the State's use of its peremptory strikes, we must
now determine the remedy. The appellant claims that harm must be presumed because
Batson error is fundamental and not subject to a harm analysis. Thus, he implies, his
conviction must be reversed. We disagree.

 Instead, the appropriate remedy when an appellate court determines that the trial
court erroneously ruled that a prima facie case had not been made is to abate of the appeal
and remand for a full adversarial hearing. (16) Therefore, we abate this appeal and remand
the case to the trial court for a hearing regarding the State's use of peremptory strikes
against the four challenged venire members. The record of that hearing, together with
any findings of fact and conclusions of law derived therefrom, shall thereafter be
forwarded to this Court for our review within 120 days of this opinion.


 IT IS SO ORDERED THIS THE 27TH DAY OF APRIL, 2005.


Delivered: April 27, 2005.

En banc 

Do Not Publish.
1. Tex. Pen. Code § 19.03(a).
2. Tex. Code Crim. Proc. Art. 37.071, § 2(g).
3. Tex. Code Crim. Proc. Art. 37.071, § 2(h). 
4. See Batson v. Kentucky, 476 U.S. 79 (1986); Tex. Code Crim. Proc. Art. 35.261.
5. The appellant does not distinguish between Batson and Article 35.261. Therefore, we
address both points together.
6. Guzman v. State, 85 S.W.3d 242, 245-46 (Tex. Crim. App. 2002); Rousseau v. State, 824
S.W.2d 579, 581 (Tex. Crim. App. 1992).
7. Guzman, 85 S.W.3d at 245-46; Rousseau, 824 S.W.2d at 581.
8. Rousseau, 824 S.W.2d at 581.
9. Tompkins v. State, 774 S.W.2d 195, 201 (Tex. Crim. App. 1987).
10. Salazar v. State, 795 S.W.2d 187, 193 (Tex. Crim. App. 1990).
11. Harris v. State, 827 S.W.2d 949, 955 (Tex. Crim. App.), cert. denied, 506 U.S.
942 (1992).
12. Ibid.
13. Ibid.
14. See Linscomb, 829 S.W.2d at 166.
15. Salazar, 795 S.W.2d at 193.
16. Emerson v. State, 820 S.W.2d 802, 804-05 (Tex. Crim. App. 1991).