Opinion issued May 8, 2008









 
 





In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-07-00463-CR
____________

WAEL A. KASSEM, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court at Law No. 12
Harris County, Texas
Trial Court Cause No. 5471



 
O P I N I O N
          Appellant, Wael Kassem, appeals a conviction for failure to obey a traffic
control device. See Tex. Trans. Code Ann. § 544.004 (Vernon 1999). Kassem
pleaded not guilty in the municipal court. The jury found him guilty and assessed his
punishment at a $200 fine. Appellant filed a motion for new trial and appealed to the
County Criminal Court at Law, which affirmed his conviction. See Tex. Gov’t Code
Ann. § 30.00014(a) (Vernon Supp. 2007). Appellant now appeals to this Court. In
three issues, appellant contends (1) the municipal court erred by denying appellant’s
Batson motion, (2) the municipal court erred by denying his motion to quash the
complaint, and (3) the evidence is legally and factually insufficient to support the
verdict. We conclude that the County Criminal Court at Law erred (1) by holding that
appellant did not make a prima facie case under Batson v. Kentucky,


 and (2) by
holding that appellant’s legal and factual sufficiency challenges were waived. We
reverse and remand to the County Criminal Court at Law.
Factual Background 
          In May 2005, appellant was driving in the westbound lane on Broad Street in
Houston, Texas, where he made a left turn onto the access road of the Gulf Freeway. 
At the intersection, there was a sign that said “Left Turn on Green Arrow Only.” 
Officer Cinco of the Houston Police Department saw appellant make the turn when
the green arrow was not lit. Although he could not see directly whether appellant had
a green arrow, Officer Cinco stated that he knew the green arrow was not lit. Officer
Cinco could see that the light of the eastbound lane was green, which necessarily
meant that the green arrow was no longer lit when appellant made the turn. Cinco
also stated that he checked the light the same afternoon and it was in proper working
order. Appellant was issued a ticket and appeared in municipal court, where he
pleaded not guilty. 
          A pool of 14 jurors was summoned for jury selection. Of the 14 jurors, six
were African-American. With its peremptory strikes, the State struck three of the six
African-American jurors, thus using 100% of its strikes on African-American jurors. 
Appellant made a motion under Batson, stating that “the State used 100 percent [of
its peremptory strikes] toward African-Americans that comprise approximately a third
or maybe 40 percent of the panel.” The court responded that it was denying
appellant’s motion because “[the struck jurors have] to be the same race as the
defendant.” Appellant requested that “the State argue why Batson applies or not.” 
The State agreed to briefly state its reasons. Before the State began to offer its
reasons for the strikes, the court stated, “I’m going to allow it anyway. Go ahead.” 
The State offered reasons for striking two of the three jurors, but it gave no
explanation for the third struck juror. The trial court did not modify its earlier ruling
on appellant’s Batson motion after the State articulated its reasons, stating only, “I’m
going to read and release the remainder of the jurors and call the bailiff to the jury
assembly room.” The jury was then seated. 
          The record confirms that the State exercised all three of its peremptory
challenges against three of the six African-American jurors on the panel, striking
jurors 4, 5, and 12. Two African Americans served on the jury, and another African
American, a corrections officer who indicated that he had a low opinion of defense
attorneys, was struck by the defense.
          After the jury found appellant guilty, he filed a motion for new trial, asserting
five grounds. The municipal court did not rule on the motion, which was overruled
by operation of law.
Batson Challenge
          In his second point of error, appellant contends the trial court erred by denying
his Batson challenge because the State used all three of its peremptory challenges to
strike three African Americans from the venire. In its brief, the State contends that
appellant has not made a prima facie case because the stricken potential jurors were
not the same race as appellant.
A. Applicable Law under Batson
          Using a peremptory challenge to strike a potential juror because of race violates
the Equal Protection Clause of the U.S. Constitution, as well as article 35.261 of the
Texas Code of Criminal Procedure. See Batson v. Kentucky, 476 U.S. 79, 86, 106 S.
Ct. 1712, 1717 (1986); Tex. Code Crim. Proc. Ann. art. 35.261 (Vernon 2006). In
the face of perceived purposeful discrimination, the defendant may request a Batson
hearing. See Tex. Code Crim. Proc. Ann. art. 35.261(a). Because Batson protects
the juror’s right to be free from discrimination as well as the defendant’s, the
defendant need not be the same race as the jurors struck by the State. Powers v. Ohio,
499 U.S. 400, 416, 111 S. Ct. 1364, 1373–74 (1991); Linscomb v. State, 829 S.W.2d
164, 165 n.6 (Tex. Crim. App. 1992).
          A defendant’s Batson challenge to a peremptory strike is a three-step process. 
 Purkett v. Elem, 514 U.S. 765, 767, 115 S. Ct. 1769, 1770–71 (1995); Simpson v.
State, 119 S.W.3d 262, 268 (Tex. Crim. App. 2003). The defendant must first make
a prima facie case of racial discrimination, based on the totality of relevant facts about
the prosecutor’s conduct during the trial. Miller-El v. Dretke, 545 U.S. 231, 239, 125
S. Ct. 2317, 2324 (2005); Purkett, 514 U.S. at 767, 115 S. Ct. at 1770; Simpson, 119
S.W.3d at 268; see Tex. Code Crim. Proc. Ann. art. 35.261. 
A prima facie case is what raises the issue, not what eventually disposes
of it. In determining, therefore, whether a prima facie case is reflected
on the record, courts are not to resolve the question of deliberate racial
discrimination on its merits . . . . They are simply to decide whether the
issue has been raised. 
 
Linscomb, 829 S.W.2d at 167. The defendant’s burden of establishing a prima facie
case of discrimination is not onerous. Id. (quoting Tex. Dep’t of Cmty. Affairs v.
Burdine, 450 U.S. 248, 253, 101 S. Ct. 1089, 1094 (1981).
          If the defendant makes a prima facie case, the burden of production shifts to
the State to present a race-neutral reason for its challenged strike, a reason that is “a
clear and reasonably specific explanation of [the] legitimate reasons” for exercising
its strike. Miller-El, 545 U.S. at 239, 125 S. Ct. at 2324; see Tex. Code Crim. Proc.
Ann. art. 35.261(a). When the prosecutor responds with a race-neutral explanation,
the defendant may rebut the State’s explanation. Simpson, 119 S.W.3d at 268; 
Jasper v. State, 61 S.W.3d 413, 421 (Tex. Crim. App. 2001). 
          In the third and final step, the trial court must decide whether the defendant
carried the burden to establish purposeful discrimination. Miller-El, 545 U.S. at 239,
125 S. Ct. at 2325; Purkett, 514 U.S. at 767, 115 S. Ct. at 1771; Simpson, 119 S.W.3d
at 268. The trial court’s inquiry addresses whether the prosecutor contrived the
neutral reasons provided for the peremptory challenge in order to conceal racially
discriminatory intent. Jasper, 61 S.W.3d at 421.
          Throughout the challenge, the burden of persuasion remains with the
defendant, who may continue to rebut the prosecutor’s explanations before the trial
court decides the Batson challenge. Tex. Code Crim. Proc. Ann. art. 35.261(a);
Purkett, 514 U.S. at 768, 115 S. Ct. at 1771; Simpson, 119 S.W.3d at 268; see Thomas
v. State, 209 S.W.3d 260, 270 (Tex. App.—Houston [1st Dist.] 2006, no pet.). A
defendant is entitled to a new trial if even a single juror is wrongfully excluded from
serving. Whitsey v. State, 796 S.W.2d 707, 716 (Tex. Crim. App. 1989) (plurality
opinion).
B. Batson Hearing
          In response to the State’s exercise of its strikes, appellant objected that the
State’s use of its strikes against the three African Americans was racially motivated,
and made an oral Batson motion to the trial court. The municipal court ruled that
appellant was not entitled to the Batson hearing because he was of a different race
than the struck jurors. However, the State offered reasons for its striking jurors
number 4 and 5, but it gave no explanation for juror number 12.


 
          On appeal, the County Criminal Court at Law properly determined that the trial
court erred by stating that Batson applies only when the defendant is of the same race
as the jurors who were struck. However, we conclude the County Criminal Court at
Law erroneously determined that appellant failed to meet his prima facie burden
under Batson. See Powers, 499 U.S. at 416, 111 S. Ct. at 1373–74; Linscomb, 829
S.W.2d at 167. Appellant stated in his Batson motion that “the State used 100 percent
[of its peremptory strikes] toward African-Americans that comprise approximately
a third or maybe 40 percent of the panel.” Appellant’s assertion, which is confirmed
by the record, that the State used all of its strikes on jurors of a single race is
sufficient to meet his prima facie burden. See Linscomb, 829 S.W.2d at 167 (“[A]n
unexpectedly high rate of challenges against a particular group is, as an empirical
matter, some evidence of an intent to exclude persons on account of membership in
that group . . . .”). We hold that the County Criminal Court at Law erred by
determining that appellant failed to make a prima facie case. 
          When a prima facie showing has been made under Batson, as here, the law
requires that the trial court conduct a hearing and make the determinations prescribed
by Batson. Hutchinson v. State, 86 S.W.3d 636, 639 (Tex. Crim. App. 2002). The
proper procedure under these circumstances is for the intermediate court, which here
is the County Criminal Court at Law, to abate the cause in order for the municipal
court to conduct a full Batson hearing and to enter findings of fact and conclusions
of law or to make a determination that such a hearing would not be practicable, in
which case the County Criminal Court at Law should remand for a new trial. Id.;
Rousseau v. State, 824 S.W.2d 579, 585 (Tex. Crim. App. 1992); see also Snyder v.
Louisiana, 128 S. Ct 1203, 1212 (2008) (reversing due to Batson error when there
was no “realistic possibility that this subtle question . . . could be profitably explored
on remand at this late date”). 
          We sustain appellant’s second issue, and we reverse and remand to the County
Criminal Court at Law for proceedings consistent with this opinion.
Sufficiency of the Evidence
          In his third issue, appellant challenges the legal and factual sufficiency of the
evidence. The County Criminal Court at Law held that appellant waived this issue
because it was not included in appellant’s motion for new trial, as is required for
appellate review from a municipal court of record. Tex. Gov’t Code Ann.
§ 30.00014(a) (“On appeal, the county court may consider only those issues raised in
the defendant’s motion for new trial.”). 
          However, the issue is presented in appellant’s motion for new trial. In
appellant’s motion for new trial, section five has the heading “The evidence is
insufficient to sustain the conviction and the verdict is against the weight of the
evidence.” Under that heading, appellant asserts that there was a material variance
between the complaint and the evidence of what the sign said, that Officer Cinco
could not see the traffic light in question, and that there was no evidence that the
offense occurred in the State of Texas. Furthermore, in his motion, appellant asks
that the municipal court “enter a judgment of acquittal or alternatively order a new
trial, or any other relief that the Court deems just.” This discussion is sufficient to
preserve the issue for review. See Doctor v. Pardue, 186 S.W.3d 4, 16 (Tex.
App.—Houston [1st Dist.] 2005, pet. denied) (noting that substance of motion is
determined from caption, introduction, body of motion, and prayer for relief).
          We hold that the County Criminal Court at Law erred by holding this issue is
waived. We reverse and remand to the County Criminal Court at Law so it may
address the legal and factual sufficiency of the State’s evidence. 
Motion to Quash
          In his first issue, appellant asserts that the trial court erred in denying his
motion to quash. When appellant made his motion in the trial court, he made it on
two grounds: (1) the charging instrument did not sufficiently articulate what conduct
was prohibited and (2) the complaint did not contain a proper seal of the municipal
court from which it issued. The court denied the motion with respect to the first
ground but withheld her ruling on the second ground. Appellant did not request a
later ruling on the second ground, and the trial court never ruled on the second
ground. By failing to present this Court with evidence of an adverse ruling on the
second ground, appellant has waived any error arising from the trial court’s refusal
to grant the motion on that ground. See Skillern v. State, 890 S.W.2d 849, 858–59
(Tex. App.—Austin 1994, pet. ref’d). Therefore, we address only whether the
charging instrument sufficiently articulated the prohibited conduct.       
          A complaint is a sworn allegation charging the accused with the commission
of an offense in justice and municipal courts. Tex. Code Crim. Proc. Ann. art.
45.018(a) (Vernon 2006). A complaint is sufficient if it shows the accused has
committed an offense against the law of the state. Tex. Code Crim. Proc. Ann. art.
45.019(a)(4) (Vernon 2006). We review the decision to grant a motion to quash
under an abuse of discretion standard. See Thomas v. State, 621 S.W.2d 158, 163
(Tex. Crim. App. 1980); State v. Goldsberry, 14 S.W.3d 770, 772 (Tex.
App.—Houston [1st Dist.] 2000, pet. ref’d). A trial court abuses its discretion if it
acts without reference to guiding rules and principles, or acts arbitrarily or
unreasonably. Thomas, 621 S.W.2d at 163. A motion to quash should be granted
only when the language concerning the defendant’s conduct is so vague or indefinite
as to deny him effective notice of the acts he allegedly committed. DeVaughn v.
State, 749 S.W.2d 62, 67 (Tex. Crim. App. 1988).
          The complaint at issue recites the following:
In the name and by the authority of the state of Texas: I, the undersigned
affiant, do solemnly swear that I have good reason to believe, and do
believe that [Defendant] on or about the 5th day of May, 2005, and
before making and filing this complaint, within the incorporated limits
of the city of Houston, county of Harris, and state of Texas, did then and
there unlawfully while operating a vehicle upon Broad Street, a public
street, at its intersection with another public street to-wit: Gulf Freeway
West Service Road, did fail to obey a certain official traffic control
device, to-wit: a sign bearing the legend Left on Green Arrow Only, by
driving the aforesaid vehicle in express violation of said traffic control
device, and the said defendant was not then and there directed to
proceed by a police officer, and the said defendant was not then and
there operating an authorized emergency vehicle.
The complaint clearly tracks the statutory language of section 544.004(a), which
states “The operator of a vehicle . . . shall comply with an applicable official
traffic-control device . . . unless the person is: (1) otherwise directed by a traffic or
police officer; or (2) operating an authorized emergency vehicle . . . .” Tex. Trans.
Code Ann. § 544.004(a). When a complaint tracks the statutory language
proscribing conduct, it is sufficient to charge a criminal offense. State v. Edmond, 933
S.W.2d 120, 127 (Tex. Crim. App. 1996). We hold that the municipal court did not
abuse its discretion by denying appellant’s motion to quash because the language of
the complaint tracks the language of the statute. See Edmond, 933 S.W.2d at 127. 
We overrule appellant’s first issue.

 
Conclusion
          We reverse and remand to the County Criminal Court at Law for further
proceedings consistent with this opinion.
 

                                                                        Elsa Alcala
                                                                        Justice
Panel consists of Justices Taft, Keyes, and Alcala.
Publish. See Tex. R. App. P. 47.2.