**AFFIRMED and Opinion Filed July 31, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-23-00271-CR**

**RAYMOND EARL CARAWAY, JR., Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 366-80305-2023**

## MEMORANDUM OPINION

Before Justices Reichek, Miskel, and Breedlove
Opinion by Justice Breedlove

Appellant Raymond Earl Caraway, Jr., was convicted of manslaughter and sentenced to 20 years in prison. In two issues, appellant argues that the trial court erred in overruling his *Batson*[1] challenge and by permitting testimony from a counselor regarding statements made by appellant about alcohol use. We conclude that appellant did not satisfy the first step of the *Batson* analysis and that, the error, if any, of admitting the counselor's testimony was harmless. Accordingly, we affirm the trial court's judgment.

---

[1] *See Batson v. Kentucky*, 476 U.S. 79, 89 (1986).

BACKGROUND

On May 27, 2021, appellant drove a truck through an intersection while the stoplight was red and collided with a car driven by Charles Brazil, who died at the scene. Crash data from appellant's truck showed that appellant was traveling at nearly 70 miles per hour a half second before impact. The data also showed appellant did not use the brakes until impact. Photograph still-shots showed that the traffic light was red when appellant's truck went through the intersection.

Witnesses observed appellant exit the truck and walk across a bridge near the scene of the accident. Officer Luke Bedford arrived on the scene and saw appellant in a frantic state screaming to a person on the phone that he thought he had just killed someone. Bedford stayed with appellant until paramedics arrived. Appellant was treated at the scene and transported to the hospital.

Appellant was treated by Dr. Ramsey Stone, a trauma surgeon, who believed appellant was intoxicated. Appellant underwent surgery for an emergency splenectomy. Police obtained a search warrant for appellant's blood, which was taken by hospital personnel at the time appellant was admitted. Appellant's blood was sent to a forensic lab for testing, and the blood alcohol result came back as 0.377, more than four times the legal limit.

After surgery, appellant was seen at the hospital by Salana Reza, a licensed professional counselor. She was called to screen appellant because he was admitted as a trauma patient. During her screening, she asked appellant about his substance

use, including specific questions regarding the amount and frequency of appellant's alcohol consumption.

Appellant was charged with manslaughter. A jury trial was held on February 20, 2023, and the jury found appellant guilty of manslaughter. The jury also found that appellant used or exhibited a deadly weapon. Appellant was sentenced to 20 years in prison. This appeal followed.

## DISCUSSION

**Issue 1: *Batson* Challenge**

In his first issue, appellant argues the trial court erred in denying its *Batson* challenge to the State's peremptory strike of prospective juror Kezia Pittman, juror number 23.

During voir dire, Pittman provided the following information regarding her potential service as a juror:

> STATE: …I want you to answer what you think the primary purpose of the criminal justice system is, okay? So it's punishment, deterrence, or rehabilitation….
> ***
> PITTMAN: Punishment.
> ***
> STATE: How do you feel about serving on a jury?
> ***
> PITTMAN: I do not like the idea of being here.
>
> STATE: Okay. Why not?
>
> PITTMAN: I don't like the idea of having someone's fate in my hands. And I also don't like the opposite side of hearing of someone being harmed. I don't like either side of it.

STATE: Do you think that if you were put on a jury that you would be able to reach a decision in this case, or would it just be too much?
PITTMAN: It's a lot for me. I don't -- I mean, this is somebody's life both ways.

After the State used one of its peremptory strikes against Pittman, appellant stated he objected to the State's striking Pittman "for *Batson* grounds."

The court then asked for the State's response and the following exchange occurred:

STATE: Judge, Number 23, first of all, she's an underwriter for insurance, which has something to do with car accidents. In addition to that, she said she doesn't like the idea of being here. She doesn't like making a decision, and it would be a lot for her to make a decision on either side. Judge, based on that, we do not believe that she was a juror that we wanted on the jury panel.

THE COURT: All right.

DEFENSE: Just for the appellate record. Mr. – I'm sorry. Ms. Pittman is one of the very few African American panel members. She said that she doesn't want to hear about the victim's death, that it would be very difficult for her, and says that the justice system is for punishment.

THE COURT: Okay. So are you providing for the record the reasons why she would have been struck, or – I'm failing to see.

DEFENSE: I just want the record to reflect why I made a Batson challenge. And why I thought the State would like her as a juror.

The trial court ultimately announced it was overruling the *Batson* challenge, noting that there were a couple of black jurors still left on the jury, and that the State provided several reasons why it did not want Pittman on the jury.

A *Batson* challenge to the State's use of a peremptory strike generally gives rise to a three-step analysis. *Simpson v. State*, 119 S.W.3d 262, 268 (Tex. Crim. App. 2003). First, the opponent of the strike must establish a prima facie case of racial discrimination. *Nieto v. State*, 365 S.W.3d 673, 675–76 (Tex. Crim. App. 2012). A prima facie case requires that appellant show a minimum quantity of evidence supporting a rational inference that purposeful racial discrimination occurred. *See Harris v. State*, 827 S.W.2d 949, 955 n. 4 (Tex. Crim. App.1992). Merely reciting the struck-juror's race does not establish a prima facie case of discrimination. *See Stanley v. State*, 887 S.W.2d 885, 891 (Tex. Crim. App. 1994). Rather, appellant must show he is member of an identifiable race and offer relevant evidence that tends to demonstrate the State purposefully excluded the complained-of jurors because of their race. *See* TEX. CODE CRIM. PROC. ANN. art. 35.261(a); *Rousseau v. State*, 824 S.W.2d 579, 584 (Tex. Crim. App. 1992); *Williams v. State*, 804 S.W.2d 95, 101 (Tex. Crim. App. 1991) (op. on remand). Removal of every prospective juror of the same race establishes a prima facie case of racial discrimination. *See Salazar v. State*, 795 S.W.2d 187, 193 (Tex. Crim. App. 1990). Removal of a high rate of prospective jurors of the same race may also constitute a prima facie case of racial discrimination. *See Linscomb v. State*, 829 S.W.2d 164, 166 (Tex. Crim. App. 1992). But, the burden of persuasion remains with the appellant. TEX. CODE CRIM. PROC. ANN. art. 35.261.

If appellant makes a prima facie case, the burden then shifts to the State to offer a race-neutral explanation. *See Batson*, 476 U.S. at 97. It is only after appellant has established a prima facie case that the State must come forth with a neutral explanation for striking prospective jurors. The trial court must then decide on whether the State struck the jurors for racial reasons. *See id*. at 98.

Appellant's only *Batson*-related objection to Pittman's dismissal was that appellant is black and that Pittman, who was one of only a few black jurors on the panel, seemed like she would be a good juror for the State because she stated that the primary purpose of the justice system was punishment. Providing evidence that the State struck a high rate of prospective jurors of a specific race *may* constitute a prima facie case of racial discrimination. *Linscomb*, 829 S.W.2d at 166 (emphasis added). However, appellant did not assert that, or provide evidence to suggest, that the State struck a high rate of black panelists, merely that there were not very many black panelists on the panel generally. In fact, appellant does not assert that the State struck *any* other black panelists or that the jury was devoid of black jurors. Appellant has not demonstrated that the bare act of striking Pittman, who happened to be one of only a few black members on the panel, was an act of racial discrimination. We conclude appellant has not met his prima facie burden of showing racial discrimination at step one of the *Batson* analysis. *See* TEX. CODE CRIM. PROC. ANN. art. 35.261. Therefore, the burden never shifted to the State to provide a race-neutral

–6–

reason for striking Pittman, and the trial court did not err in failing to find that the State violated *Batson*. We overrule appellant's first issue.

**Issue 2: Admission of Counselor's Testimony**

Appellant argues that the trial court erred in overruling his objection to the testimony of a counselor regarding appellant's alcohol use. The State responds that appellant failed to properly preserve the issue, and, alternatively, any error in the testimony's admission was harmless.

Prior to the counselor's testimony, appellant objected in anticipation of testimony by the counselor that appellant told her how often he drank and his feelings about whether he had a drinking problem. Appellant's objection to Ms. Reza's testimony and the court's response are reflected in the following exchange:

> DEFENSE: Judge, we need to object to the testimony that I anticipate this witness will give which is that—which is statements of the Defendant about his own personal medical needs. Those statements should be protected under doctor-patient privilege and are hearsay.
>
> THE COURT: Okay. So unless you can point me to something—case law that says that this would not be hearsay as admission by party opponent, number one. Number two, I don't think there's any provision in the Rules of Evidence that you can point me to that say that this would not be admissible.
>
> DEFENSE: Judge, we would—we would offer that this is tantamount to therapy records and should not have been obtained by the State. And so the Defendant has a legitimate expectation of privacy in his mental health and counseling records and has not waived that.
>
> THE COURT: That objection is overruled. Do you have any others? Just to be clear, though, this is only going to be his— I don't know

what's being offered. I assume it's going to be admissions by the Defendant.

STATE: Yes, Your Honor. The testimony that we intend to offer is the statements that he gave to this witness about how often he drinks, the fact that he felt like his drinking was a problem, but that he was not willing to engage in any treatment for alcohol and reported, I'll just stop drinking. And the fact that this witness gave him referrals.

THE COURT: Okay. So just be sure to confine your questions and instruct your witness to only confine her answers to what the Defendant said and not what was said to—by her or anybody else relating to those. Are these written statements or will they be coming in—

STATE: It's a part of the hospital records. It's State's 14. However, I'm just going to have her testify as to their interaction.

THE COURT: Okay. So there's not going to be any redacted portions that are admitted as evidence, or exhibits, I should say?

STATE: No, Your Honor.

THE COURT: Okay. Anything else from the Defense?

DEFENSE: Nothing further.

The State argues that appellant's issue on appeal does not comport with the objection made at trial. We assume, without deciding, that appellant's objection at trial was made on the basis of Texas Rule of Evidence 509(b) and hold that the evidence was not excludable on that basis.[2]

While appellant might successfully argue that the communications satisfy the first prong of Rule 509(b), appellant's own testimony forecloses his ability to satisfy

---

[2] Because the determination of whether the trial objection comported with appellant's issue on appeal would not change the disposition of this issue, we decline to address it. *See* TEX. R. APP. P. 47.1.

the second prong. Rather than seek treatment for substance abuse, appellant actively rejected Reza's attempts to discuss treatment with him and indicated that he would not stop drinking despite knowing he had a problem. See TEX. R. EVID. 509(b).

Further, the record does not demonstrate that appellant was harmed by the admission of Reza's testimony. The erroneous admission of hearsay evidence is nonconstitutional error. *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). Nonconstitutional error requires reversal only when the error affected a party's substantial rights. *See* TEX. R. APP. P. 44.2(b). Error that has a substantial and injurious effect or influence in determining the jury's verdict affects a substantial right. *Coble v. State*, 330 S.W.3d 253, 280 (Tex. Crim. App. 2010).

Reza testified that appellant told her that he drank alcohol on average four days a week and that he admitted to having five or more drinks a day about 200 times in the past year. Reza also testified that appellant was unwilling to seek treatment for his drinking. This was not the only evidence offered by the State regarding appellant's drinking. The facts of the offense itself showed that appellant had a BAC more than four times over the legal limit, appellant drove through an intersection at a red light at nearly 70 mph without braking, and his truck was littered with empty beer cans and liquor bottles. Appellant's own mother testified that appellant drank heavily, and the State admitted evidence of appellant's prior DWI conviction. Thus, Reza's testimony was not the only or best evidence supporting the assertion that appellant had a problem with alcohol.

"Erroneously admitting evidence 'will not result in reversal when other such evidence was received without objection, either before or after the complained-of ruling." *Coble*, 330 S.W.3d at 282. This holds true even when the evidence is not the same but is very similar or substantially the same evidence. *Estrada v. State*, 313 S.W.3d 274, 302 n. 29 (Tex. Crim. App. 2010) (very similar evidence admitted); *Mayes v. State*, 816 S.W.2d 79, 88 (Tex. Crim. App. 1991) (substantially the same evidence admitted). Therefore, even if the evidence had been improperly admitted through Reza, we cannot conclude that appellant suffered harm. We overrule appellant's second issue.

## CONCLUSION

We affirm the trial court's judgment.

/Maricela Breedlove/
MARICELA BREEDLOVE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

230271F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

RAYMOND EARL CARAWAY, JR., Appellant

No. 05-23-00271-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 366th Judicial District Court, Collin County, Texas
Trial Court Cause No. 366-80305-2023.
Opinion delivered by Justice Breedlove. Justices Reichek and Miskel participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered July 31, 2024