Robert BLACK, Appellant,

v.

The STATE of Texas, Appellee.

No. 69648.

Court of Criminal Appeals of Texas,
En Banc.

Feb. 17, 1988.

James J. Leitner, Houston, for appellant.

Bill Turner, Dist. Atty., Bryan, Robert Huttash, State's Atty., Austin, for the State.

## ORDER ABATING APPEAL

PER CURIAM.

Appellant was convicted by a jury of the offense of capital murder and received the death penalty. Pursuant to his right of automatic review by this Court, see Art. 37.071(h) V.A.C.C.P., appellant filed a brief with this Court. See Tex.R.App.Pro. 74(k). The District Attorney thereafter presented to this Court a "Motion to Correct the Record". The District Attorney alleges that before trial, the trial court orally denied appellant's motion to quash the indictment. When the written order attached to the motion was filed, however, the trial court erroneously scratched through the word "denied" in the motion's pre-printed ruling option "granted/denied". The District Attorney maintains that since the order was included in the record, this Court is left with an inaccurate record.

After examining this motion and reviewing the transcript and statement of facts, we agree that either the statement of facts or the written order granting the motion to quash is in error. Resolution of this apparent inaccuracy is found in Tex.R.App.Pro. 55(a). That rule reads:

Any inaccuracies may be corrected by agreement of the parties; should any dispute arise, after filing in the appellate court as to whether the statement of facts accurately discloses what occurred in the trial court, the appellate court shall submit the matter to the trial court, which shall, after notice to the parties and hearing, settle the dispute and make the statement of facts conform to what occurred in the trial court.

We therefore abate this appeal and remand the case to the trial court, unless the inaccuracy is corrected by agreement of the parties, with directions that it shall, after notice to the parties and hearing, settle this dispute. In doing so, we acknowledge that attached to the District Attorney's motion was a sworn affidavit by the trial judge stating that the statement of facts, not the written motion to quash, reflects what truly happened in the case. Rule 55(a), supra, requires notice and a hearing to settle a disputed inaccuracy that cannot be corrected by agreement. No such agreement appears within the District Attorney's motion. It is appropriate, therefore, to remand the case for a hearing pursuant to Rule 55(a), supra.[1]

The appeal is abated and the cause is remanded for proceedings consistent with this order. The record of these proceedings is to be filed with the clerk of this Court within 60 days of receipt of this order.[2]

IT IS SO ORDERED.

---

1. Obviously the contents of Rule 55(a) are well known to movant in this cause, since the prayer contained in the District Attorney's motion requests that the case be remanded for notice and a hearing, rather than requesting that the inaccuracy be corrected by this Court.

2. This order does not affect the normal time limits for the filing of appellate briefs. See Tex.R.App.Pro. 74(k) and (m). Should appellant or appellee wish to rebrief any points of error affected by the trial court's hearing, they may petition this Court for permission to file supplemental briefs.