Gerardo Aranda SANDOVAL,
Appellant,

v.

The STATE of Texas, Appellee.

No. 13–97–356–CR.

Court of Appeals of Texas,
Corpus Christi.

May 6, 1999.

Larry Warner, Attorney at Law, Brownsville, for Appellant.

---

Yolanda De Leon, District Attorney, John A. Olson, Asst. County & Dustrict Attorney, Brownsville, for State.

Before Justices DORSEY, HINOJOSA, and RODRIGUEZ.

## OPINION

Opinion by Justice RODRIGUEZ.

Appellant Gerardo Aranda Sandoval initially plead not guilty to three counts of aggravated robbery.[1] As a result of a plea agreement, the State agreed to omit the deadly weapon portion of the indictment. Sandoval was then re-arraigned on the lesser included offense of robbery, after which he was admonished by the court, pleaded guilty, and was sentenced to ten years imprisonment on June 9, 1997. On June 11, 1997 he filed, *pro se*, a notice of appeal.

When no brief was filed, we abated the appeal and ordered the trial court to conduct a hearing to determine whether Sandoval desired to continue the appeal. The court conducted the hearing and found trial counsel had abandoned the appeal. On October 23, 1997, 136 days after judgment, the court appointed Larry Warner to represent appellant. Mr. Warner filed a notice of appeal and designations with the clerk's office and the court reporter to have the record filed.[2] On November 19, 1998, we recognized the foregoing in an order requiring Mr. Warner to file the appellant's brief by December 15, 1998. Mr. Warner filed the brief on December 17, 1998; it is currently marked "received" rather than "filed." We now order the brief be filed.

■ Sandoval has filed a motion to abate the appeal, and a motion to suspend imposition of the appellate rules to allow the filing of an out-of-time motion for new trial. The question presented by these

motions is whether he was denied effective assistance of counsel during a critical phase of the proceedings. That issue was decided favorably to appellant by *Treviño v. State*, 565 S.W.2d 938, 941 (Tex.Crim. App.1978); and *Callis v. State*, 756 S.W.2d 826 (Tex.App.—Houston [1st Dist.] 1988, no pet.). These cases hold that when appellate counsel is not appointed until after the statutory deadline for filing a motion for new trial, an appellant is denied the right to counsel at a critical stage of the proceedings.

However, in *Oldham v. State*, 977 S.W.2d 354 (Tex.Crim.App.1998), the court of criminal appeals revisited *Treviño* and *Callis*, to ascertain whether the court of appeals in *Oldham*[3] had properly determined that rule 2(b) of the rules of appellate procedure permits an appellate court to extend the thirty-day deadline for filing a motion for new trial when an appellant is denied the right to counsel during this critical time. In *Oldham*, the court of appeals recognized that appointed counsel remains on the case until removed by the trial court. However, the court applied the court of criminal appeals' holding in *Ward v. State*, 740 S.W.2d 794, 800 (Tex. Crim.App.1987), that when a trial attorney believes his representation of a defendant ceases after trial, "it is apparent that appellant as a practical matter receive[s] no assistance ..." of counsel. The Fourteenth Court of Appeals thus concluded that good cause was shown under rule 2 of the Texas Rules of Appellate Procedure to suspend the requirement of Texas Rule of Appellate Procedure 21.4(a) that Oldham file her motion for new trial within thirty days of sentencing.

In reversing the court of appeals, the high court disapproved this application of rule 2(b), finding the rule

---

1. TEX. PEN.CODE ANN. § 29.03(a) (Vernon 1994).

2. The clerk's record indicates that Sandoval timely filed a notice of appeal and his trial

counsel timely requested preparation of the reporter's record and the clerk's record.

3. *Oldham v. State*, 889 S.W.2d 461, 462–63 (Tex.App.—Houston [14th Dist.] 1994).

is in essence an escape valve to be used by an appellate court when a case becomes unduly stalled or delayed in the appellate process; although Rule 2(b) may be used to shorten the time limits when justice so requires, it should not be used as a method to lengthen procedural time limits absent truly extraordinary circumstances, even in an effort to protect the substantive rights of litigants.

*Oldham,* 977 S.W.2d at 360. We are thus required to OVERRULE Sandoval's motion to abate and motion to suspend imposition of the appellate rules to allow the filing of an out-of-time motion for new trial.

Sandoval's appeal raises two issues, questioning the voluntariness of his plea and complaining that because he did not have counsel during a critical time in the appellate process, *i.e.* the preparation and filing of a motion for new trial, he was unable to develop a sufficient record to show harm. At first blush, Sandoval's arguments appear appealing. We have a letter in the court's file from appellant's trial counsel, Ernesto Gonzales, that (1) he knew appellant had filed a *pro se* notice of appeal, (2) he did not take any action after trial because appellant pleaded guilty, and (3) it was his belief that, absent permission from the trial court, there was no right to an appeal after a guilty plea. We also have the trial court's findings of fact and conclusions of law, entered after we remanded the case to the court to determine the status of the appeal. The court made a specific finding that Mr. Gonzales had abandoned the appeal. If we were to apply *Ward* and *Treviño*, we would be compelled to find Sandoval was denied his right to counsel at a critical stage of the judicial proceedings.

As did the court of criminal appeals in *Oldham,* however, we look behind the mere assertion of the denial of the right to counsel, and review the actual issue raised by Sandoval. *See Oldham,* 977 S.W.2d at 361. Sandoval asserts his guilty plea was not voluntary because he was not adequately admonished as required by article 26.13(a) of the code of criminal procedure. Sandoval contends the court admonished him regarding a second degree felony when the indictment charged a first degree felony. The record does not support Sandoval's contention.

It is true that Sandoval was originally charged with aggravated robbery, a first degree felony. TEX. PEN.CODE ANN. § 29.03(b) (Vernon 1994). However, as a result of a plea bargain, the State agreed to drop the exhibition of a deadly weapon portion of the indictment, thereby reducing the charge to robbery, a second degree felony. TEX. PEN.CODE ANN. § 29.02(b) (Vernon 1994). The trial court properly admonished Sandoval that the range of punishment for a second degree felony is imprisonment in the institutional division for a term of years of not more than twenty years or less than two years. TEX. PEN.CODE ANN. § 12.33(a) (Vernon 1994).

Improper admonishment is the only basis asserted by Sandoval to support his claim of involuntariness. Finding that he was properly admonished concerning the range of punishment, we overrule issues one and two and AFFIRM the judgment of the trial court.