In re James Willie Thompson















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-099-CR

IN RE JAMES WILLIE THOMPSON


 

 Original Proceeding
                                                                                                                

O P I N I O N
                                                                                                                

      James Thompson has filed a document requesting that we give him an out of time appeal. 
He asserts that his trial counsel was ineffective and failed to determine whether Thompson
wanted to pursue an appeal. We could only do this under the authority of Rule of Appellate
Procedure 2. Tex. R. App. P. 2 (“. . . an appellate court may . . . suspend a rule’s operation
in a particular case and order a different procedure; but a court must not construe this rule to
suspend any provision in the Code of Criminal Procedure or to alter the time for perfecting an
appeal in a civil case.”). However, in Oldham v. State, the Court of Criminal Appeals stated
that the rules may not be used as a method to lengthen procedural time limits absent truly
extraordinary circumstances, even in an effort to protect the substantive rights of litigants. 
Oldham v. State, 977 S.W.2d 354, 360 (Tex. Crim. App. 1998); see also Sandoval v. State,
993 S.W.2d 417, 419 (Tex. App.—Corpus Christi 1999, no pet.) (regarding former Rule
2(b)). Thus, we do not have the authority to grant an out-of-time appeal. See Davis v. State,
870 S.W.2d 43, 49 n.3 (Tex. Crim. App. 1994); Rodarte v. State, 840 S.W.2d 781, 785 n.4
(“The appropriate vehicle for seeking an out-of-time appeal from a final felony conviction is by
writ of habeas corpus pursuant to article 11.07 of the Code of Criminal Procedure.”). 
      If, on the other hand, we treat this document as a post-conviction application for writ of
habeas corpus, we have no jurisdiction. Ex parte Hearon, 3 S.W.3d 650 (Tex. App.—Waco
1999) (citing Dodson v. State, 988 S.W.2d 833, 835 (Tex. App.—San Antonio 1999, no pet.),
and Sanders v. State, 771 S.W.2d 645, 650 (Tex. App.—El Paso 1989, pet. ref’d)). 
Accordingly, we dismiss Thompson’s “request” for want of jurisdiction.
 
                                                                       PER CURIAM


Before Chief Justice Davis,
          Justice Vance, and
          Justice Gray
Dismissed
Opinion delivered and filed April 5, 2000
Do not publish