Jonathan CAMPBELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–02–0180–CR.

Court of Appeals of Texas,
Amarillo.

May 21, 2002.

2001.

 

Deguerin & Dickinson, (Dick Deguerin), Houston TX, for appellant.

Calvin A. Hartmann, Assistant District Attorney, Houston TX, for appellee.

Before: BOYD, C.J., and REAVIS, JOHNSON, JJ.

## ON MOTION TO SUSPEND

PER CURIAM.

Appellant Jonathan Campbell was convicted of the offense of abuse of official capacity on January 14, 2002. He filed a notice of appeal on February 7, 2002, and motions for new trial and in arrest of judgment on February 13, 2002, which were overruled by operation of law. Appellant has now filed with this court a motion asking that, pursuant to Rule of Appellate Procedure 2, we suspend the time requirements of Rules of Appellate Procedure 21.8 and 22.4 for the court to rule on the motion for new trial and motion in arrest of judgment.

Rule 21.8 provides that a motion for new trial must be ruled on within 75 days of imposing or suspending sentence in open court, and a motion not timely ruled on by written order will be deemed denied when the 75–day period has expired. Tex. R.App.P. 21.8(a) and (c). Similarly, Rule 22.4 provides that the court must rule on a motion in arrest of judgment within the same 75–day period. Tex.R.App.P. 22.4(a). A motion not ruled on within that period will be deemed denied. *Id.* (b).

Rule 2 of the Rules of Appellate Procedure allows this court, on a party's motion or on our own initiative, and in order to expedite a decision or for other good cause, to suspend a rule's operation in a particular case and order a different proce-

dure. However, we may not suspend any provision of the Code of Criminal Procedure in a criminal case or alter the time to perfect an appeal in a civil case. Tex. R.App.P. 2.

■ Appellant asserts that there is good cause in this instance for us to suspend the time requirements of Rules 21.8 and 22.4. This is so, he argues, because the case was tried to Judge Larry J. Fuller, sitting by assignment in place of Judge Ted Poe, but the post-trial motions were presented to Judge Poe, who had to review the trial transcript before conducting a hearing on the motions since he had not presided over the trial, and he did not receive the transcript until April 29, 2002, well after the 75–day deadline had passed.[1] Judge Poe planned to conduct the hearing on May 1, but at that time both parties and the court agreed that the court no longer had jurisdiction of the matter. Since the delay in holding a hearing was due to the court's sense of fairness in attempting to review the transcript prior to the hearing and it was not available until April 29, appellant claims there was no tardiness, mistake, or accident involved.

In seeking to convince us to order suspension of the rules, appellant cites *McMillan v. State*, 769 S.W.2d 675 (Tex. App.—Dallas 1989, pet. ref'd) and *Alafa v. State*, No. 07–00–0113–CR, 2000 WL 1179792 (Tex.App.—Amarillo, Aug.21, 2000, no pet.) (not designated for publication). However, both of those cases were situations in which the trial court had refused to hold a hearing on a motion for new trial even though a timely, verified motion for new trial raising matters extrinsic to the record had been filed. It is an abuse of discretion for the trial court to fail to conduct a hearing under such cir-

cumstances. *McIntire v. State*, 698 S.W.2d 652, 660 (Tex.Crim.App.1985). To correct that abuse, the court in *McMillan* suspended the rules insofar as they imposed time limits from the date of sentencing and ordered them to be computed from the date of the court's judgment. *McMillan*, 769 S.W.2d at 677. This court in *Alafa* ordered an abatement of the appeal so that a hearing on the motion for new trial could be heard. *Alafa*, 2000 WL 1179792, at 3. Those are not the circumstances before this court because there has been no showing of an abuse of discretion.

■ A court of appeals may not use Rule 2 to suspend or enlarge appellate limits that regulate the process of moving a case from trial to finality of conviction. *Oldham v. State*, 977 S.W.2d 354, 359 (Tex. Crim.App.1998), *cert. denied*, 525 U.S. 1181, 119 S.Ct. 1121, 143 L.Ed.2d 116 (1999). Thus, use of the rule should be limited to instances where suspension of a rule will facilitate the process of moving the case through the appellate court. *Id.*

■ When the time in which to rule on a motion for new trial has expired and the motion has been overruled by operation of law, the trial court lacks authority to grant a motion for new trial. *State ex rel. Cobb v. Godfrey*, 739 S.W.2d 47, 49 (Tex.Crim. App.1987). The rule is intended to provide finality of judgments when a motion for new trial is filed. *Id.* In *Cobb*, the trial court had failed to sign a written order granting a motion for new trial until after the motion had been overruled by operation of law, even though he had orally granted the motion within the 75–day period. The court refused to suspend Rule of Appellate Procedure 31(e)(3) (now Rule 21.8) because it was sought to remedy the

---

1. Judge Poe actually commenced a hearing on the motions on the last day permitted under the rules, but recessed the hearing to allow himself time to review the trial transcript.

trial court's tardiness, which was not good cause. *Id.*

Appellant attempts to distinguish the facts in *Cobb* from those before us because the delay was due to no fault of the trial court. Nevertheless, in *State v. Garza,* 931 S.W.2d 560, 563 (Tex.Crim.App.1996), where a fact situation somewhat similar to *Cobb* arose, the court held that "Rule 2(b) does not authorize the retroactive suspension of rules governing events that have already occurred at the trial level before the record has been conveyed to the appellate court." *Id.*[2] Thus, what must be shown by good cause is that suspending a rule "will actually facilitate processing the case through the appellate court by 'expediting a decision' or otherwise." *Id.*

The rules we are asked to suspend allow 75 days in which to rule on a motion for new trial or motion in arrest of judgment. In these circumstances, there might have been some way of expediting the preparation of the transcript in order to have it available to the trial court so it could make a ruling within the prescribed time period. Nevertheless, suspension of the rules in this instance will not expedite the progress of this case through the appellate process. Thus, because appellant's motions were overruled by operation of law at the trial court level before the record was conveyed to this court, we may not invoke Rule 2 to excuse the absence of a timely written order ruling on the motions. *See Jauregui Partners, Ltd. v. Grubb & Ellis Commercial Real Estate Services,* 960 S.W.2d 334, 337 (Tex.App.—Corpus Christi 1997, pet. denied).

Accordingly, appellant's motion is overruled.

---

**2.** The previous Rule 2(b) is substantially the same as Rule 2.