ACCEPTED
01-14-00124-cr
FIRST COURT OF APPEALS
HOUSTON, TEXAS
1/2/2015 4:35:32 PM
CHRISTOPHER PRINE
CLERK

# No. 01-14-00124-CR
# No. 01-14-00125-CR

In the
## Court of Appeals
For the
## First District of Texas
At Houston

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

1/2/2015 4:35:32 PM

CHRISTOPHER A. PRINE
Clerk

————————◆————————

**No. 1388074** and **No. 1388075**
In the 177th District Court
Of Harris County, Texas

————————◆————————

## EVAN STUART FAIRBANKS
*Appellant*
V.
## THE STATE OF TEXAS
*Appellee*

————————◆————————

## STATE'S APPELLATE BRIEF

————————◆————————

**DEVON ANDERSON**
District Attorney
Harris County, Texas

**ALAN CURRY**
State Bar No: 05263700
Assistant District Attorney
Harris County, Texas

**ERIK LOCASCIO**
**FARNAZ FAIAZ**
**MIA MAGNESS**
Assistant District Attorneys
Harris County, Texas

1201 Franklin, Suite 600
Houston, Texas 77002
Tel.: 713/755-5826
curry_alan@dao.hctx.net

ORAL ARGUMENT REQUESTED ONLY IF REQUESTED BY APPELLANT

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to TEX. R. APP. P. 9.4(g) and TEX. R. APP. P. 39.1, the State requests oral argument only if oral argument is requested by the appellant.

## IDENTIFICATION OF THE PARTIES

Pursuant to TEX. R. APP. P. 38.2(a)(1)(A), a complete list of the names of all interested parties is provided below.

Counsel for the State:

**Devon Anderson** — District Attorney of Harris County

**Alan Curry** — Assistant District Attorney on appeal

**Erik Locascio** — Assistant District Attorney at trial

**Farnaz Faiaz** — Assistant District Attorney at trial

**Mia Magness** — Assistant District Attorney at trial

Appellant or criminal defendant:

**Evan Stuart Fairbanks**

Counsel for Appellant:

**Connie Williams** — Counsel at trial and on appeal

**Jyll Rekoff** — Counsel at trial

Trial Judge:

**Hon. Ryan Patrick** — Presiding Judge

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT .......................................................i

IDENTIFICATION OF THE PARTIES ..................................................................i

INDEX OF AUTHORITIES............................................................................ iv

STATEMENT OF THE CASE ......................................................................... 1

STATEMENT OF FACTS ............................................................................. 1

SUMMARY OF THE ARGUMENT................................................................. 3

REPLY TO ISSUE FOR REVIEW ONE.......................................................... 4

    Alternative Argument – Jurisdiction ..................................................... 5

    Authority to Restore Jurisdiction to Trial Court................................... 6

    Abatement of an Appeal when Error is Apparent in the Record............... 9

    Post-Conviction Writ of Habeas Corpus.............................................. 13

REPLY TO ISSUE FOR REVIEW TWO ....................................................... 15

CONCLUSION ........................................................................................ 20

CERTIFICATE OF COMPLIANCE ............................................................. 21

CERTIFICATE OF SERVICE ..................................................................... 22

# INDEX OF AUTHORITIES

**CASES**

*Adkins v. State,*
    764 S.W.2d 782 (Tex. Crim. App. 1988) ................................................................ 6

*Barton v. State,*
    21 S.W.3d 287 (Tex. Crim. App. 2000) ............................................................... 11

*Batson v. Kentucky,*
    476 U.S. 79, 106 S. Ct. 1712,
    90 L. Ed. 2d 69 (1986) ....................................................................................... 10

*Berry v. State,*
    995 S.W.2d 699 (Tex. Crim. App. 1999) ..........................................................6, 7

*Bowler v. State,*
    822 S.W.2d 334 (Tex. App.—
    San Antonio 1992, pet. ref'd).............................................................................. 13

*Brandon v. State,*
    599 S.W.2d 567 (Tex. Crim. App. 1979) ........................................................... 12

*Callaway v. State,*
    594 S.W.2d 440 (Tex. Crim. App. 1980) ........................................................... 12

*Campbell v. State,*
    77 S.W.3d 918 (Tex. App.—
    Amarillo 2002, no pet.) ......................................................................................... 5

*Cartwright v. State,*
    605 S.W.2d 287 (Tex. Crim. App. 1980) ........................................................... 11

*Connor v. State,*
    877 S.W.2d 325 (Tex. Crim. App. 1994) ........................................................... 10

*Crosson v. State,*
    36 S.W.3d 642 (Tex. App.—
    Houston [1st Dist.] 2000, no pet.)......................................................................... 9

*Drew v. State,*
    743 S.W.2d 207 (Tex. Crim. App. 1987) ........................................................7, 8, 9

*Duncan v. Evans,*
    653 S.W.2d 38 (Tex. Crim. App. 1983) ............................................................... 6

*Easton v. State*,
  920 S.W.2d 747 (Tex. App.—
  Houston [1st Dist.] 1996, no pet.) ..................................................................... 13

*Emerson v. State*,
  820 S.W.2d 802 (Tex. Crim. App. 1991) ......................................................... 11

*Ex parte Caldwell*,
  383 S.W.2d 587 (Tex. Crim. App. 1964) ........................................................... 7

*Ex parte Duffy*,
  607 S.W.2d 507 (Tex. Crim. App. 1980) ......................................................... 14

*Ex parte Torres,*
  943 S.W.2d 469 (Tex. Crim. App. 1997) ......................................................... 14

*Frangias v. State,*
  392 S.W.3d 642 (Tex. Crim. App. 2013) ......................................................... 16

*Garcia v. Dial*,
  596 S.W.2d 524 (Tex. Crim. App. 1980) ........................................................... 7

*Garcia v. State*,
  595 S.W.2d 538 (Tex. Crim. App. 1980) ......................................................... 12

*Garrett v. State*,
  749 S.W.2d 784 (Tex. Crim. App. 1986) ........................................................... 6

*Garza v. State*,
  896 S.W.2d 192 (Tex. Crim. App. 1995) ........................................................... 8

*Green v. State*,
  906 S.W.2d 937 (Tex. Crim. App. 1995) ...................................................... 6, 11

*Guzman v. State*,
  85 S.W.3d 242 (Tex. Crim. App. 2002) .......................................................... 11

*Hutchinson v. State*,
  86 S.W.3d 636 (Tex. Crim. App. 2002) .......................................................... 11

*Jackson v. State*,
  973 S.W.2d 954 (Tex. Crim. App. 1998) ......................................................... 14

*James v. State*,
  745 S.W.2d 28 (Tex. Crim. App. 1988) ........................................................... 12

*Jones v. State,*
  338 S.W.3d 725 (Tex. App.—
  Houston [1st Dist.] 2011), *aff'd,*
  364 S.W.3d 854 (Tex. Crim. App. 2012) ......................................................... 19

*Jones v. State,*
364 S.W.3d 854 (Tex. Crim. App.),
*cert. denied,* 133 S. Ct. 370 (2012) ....................................................................... 19

*Keeton v. State,*
724 S.W.2d 58 (Tex. Crim. App. 1987) ............................................................. 11

*Kipp v. State,*
876 S.W.2d 330 (Tex. Crim. App. 1994) ............................................................ 12

*Lewis v. State,*
711 S.W.2d 41 (Tex. Crim. App. 1986) ................................................................ 7

*Lopez v. State,*
18 S.W.3d 637 (Tex. Crim. App. 2000) ................................................................ 6

*Manning v. State,*
730 S.W.2d 744 (Tex. Crim. App. 1987) ............................................................ 12

*Martinez v. State,*
74 S.W.3d 19 (Tex. Crim. App. 2002)................................................................. 10

*McIntire v. State,*
698 S.W.2d 652 (Tex. Crim. App. 1985) ..........................................................9, 10

*Miller-El v. State,*
748 S.W.2d 459 (Tex. Crim. App. 1988) ............................................................ 11

*Nichols v. State,*
877 S.W.2d 494 (Tex. App.—
Fort Worth 1994, pet. ref'd)................................................................................. 19

*Odelugo v. State,*
443 S.W.3d 131 (Tex. Crim. App. 2014) ............................................................ 18

*Olivo v. State,*
918 S.W.2d 519 (Tex. Crim. App. 1996) .............................................................. 8

*Perez v. State,*
310 S.W.3d 890 (Tex. Crim. App. 2010) ............................................................ 16

*Pettway v. State,*
4 S.W.3d 390 (Tex. App.—
Houston [1st Dist.] 1999, no pet.)....................................................................... 13

*Reyes v. State,*
849 S.W.2d 812 (Tex. Crim. App. 1993) ............................................................ 10

*Robinson v. State,*
16 S.W.3d 808 (Tex. Crim. App. 2000) ............................................................. 15

*Rousseau v. State*,
824 S.W.2d 579 (Tex. Crim. App. 1992) ....................................................... 11

*Sandoval v. State*,
993 S.W.2d 417 (Tex. App.—
Corpus Christi 1999, no pet.) ..................................................................... 5

*Spence v. State*,
758 S.W.2d 597 (Tex. Crim. App. 1988) ...................................................... 12

*State ex rel. Cobb v. Godfrey,*
739 S.W.2d 47 (Tex. Crim. App. 1987) ......................................................... 8

*State v. Garza*,
931 S.W.2d 560 (Tex. Crim. App. 1996) ........................................................ 8

*State v. McLain,*
337 S.W.3d 268 (Tex. Crim. App. 2011) ...................................................... 19

*State v. Oliver*,
808 S.W.2d 491 (Tex. Crim. App. 1991) ...................................................... 11

*State v. Riewe*,
13 S.W.3d 408 (Tex. Crim. App. 2000) ...................................................... 7, 8

*Strickland v. Washington,*
466 U.S. 668 (1984) ................................................................................... 16

*Trevino v. State*,
565 S.W.2d 938 (Tex. Crim. App. 1978) ..................................................... 10

*Trevino v. State*,
841 S.W.2d 385 (Tex. Crim. App. 1992) ..................................................... 11

*Williams v. State*,
731 S.W.2d 563 (Tex. Crim. App. 1987) ..................................................... 11

## STATUTES

TEX. CRIM. PROC. CODE ANN. art. 38.22, § 6
(Vernon 1979) ............................................................................................ 11

## RULES

Tex. R. App. P. 25.2................................................................................................. 6

Tex. R. App. P. 38.2(a)(1)(A) ................................................................................ i

Tex. R. App. P. 39.1............................................................................................... i

Tex. R. App. P. 9.4(g) ............................................................................................ i

**TO THE HONORABLE COURT OF APPEALS:**

## STATEMENT OF THE CASE

In cause number 1388074, the appellant was charged with the felony offense of possession of marihuana (C.R. I-8), and, in cause number 1388075, the appellant was charged with the felony offense of possession of a controlled substance (C.R. II-8). In both cases, the appellant entered pleas of guilty in accordance with plea bargain agreements with the State (C.R. I-29-30; C.R. II-29-30). The appellant filed motions to withdraw his pleas of guilty, and the trial judge denied those motions (C.R. I-39-42; C.R. II-39-42). After the trial judge found the appellant guilty of the charged offenses, he assessed the appellant's punishment at confinement for two years in prison for the first offense and 180 days in the state jail for the second offense (C.R. I-50; C.R. II-50). After motions for new trial were timely filed (C.R. I-53; C.R. II-53), written notices of appeal were timely filed (C.R. I-65; C.R. II-65).

——————◆——————

## STATEMENT OF FACTS

The State challenges all factual assertions in the appellant's brief and presents the following account of the facts.

The docket sheets reflect that, on the date that the appellant entered his pleas of guilty, a court reporter was waived (C.R. I-82; C.R. II-82). Over a month after he had entered his pleas of guilty, the appellant filed a Motion to Withdraw Plea of Guilty in each case, claiming that he was coerced by his trial attorney to enter pleas of guilty, and that his pleas of guilty were, therefore, involuntary. Affidavits from the appellant and his mother were attached to the Motion to Withdraw Plea of Guilty, and the Motion to Withdraw Plea of Guilty was denied on the same date that it was filed (C.R. I-39-45; C.R. II-39-45). Arguments were presented on the Motion to Withdraw Plea of Guilty, but it is not clear what—if any—evidence was presented or whether a court reporter was present or had been waived for that hearing (C.R. I-42; C.R. II-42).

On February 6, 2014, the trial judge sentenced the appellant in accordance with the plea bargain agreements—two years in prison for the possession of marihuana offense and 180 days in the state jail for the possession of a controlled substance offense (C.R. I-50; C.R. II-50). On the same date, the appellant filed a motion for new trial in each case, in which he repeated the allegations set forth in his Motion to Withdraw Plea of Guilty. The appellant also made the claim that his trial attorney rendered ineffective assistance of counsel by not filing a motion to suppress based upon the alleged invalidity of the search warrant that was attached to the motion for new trial. The trial judge denied the motion for new trial on the same date that it was

2

filed, noting that a motion to suppress had in fact been filed by the appellant's trial attorney (C.R. I-53-57, 82; C.R. II-53-57, 82).

On February 6, 2014, the appellant field a notice of appeal in each case, noting that he wished to appeal the trial judge's ruling on his Motion to Withdraw Plea of Guilty (C.R. I-65; C.R. II-65), and the trial judge certified that the appellant had the right to appeal, at least by way of permission from the trial judge (C.R. I-35; C.R. II-350. On March 4, 2014, after the appellant's original motion for new trial had already been denied, the appellant filed an amended motion for new trial, in which he added the allegation that his trial attorney rendered ineffective assistance of counsel by not obtaining a ruling on the motion to suppress (C.R. I-71-74; C.R. II-71-74).

————————◆————————

## SUMMARY OF THE ARGUMENT

The appellant has failed to raise facts that would necessitate or authorize this Court to restore jurisdiction to the trial court, so that the trial court can hold another hearing on the appellant's motion for new trial. Therefore, this Court was correct to deny the appellant's motion to abate the appeal. The appellant has failed to present a sufficient record upon which to base a claim of ineffective assistance of counsel. Although the record does not reflect to what extent a motion to suppress was litigated, if any, a search warrant that allegedly provided the basis for a search warrant

3

does appear to state sufficient probable cause to justify a search. The trial court did not abuse his discretion in denying the appellant's motion for new trial, and the appellant has failed to prove his claim of ineffective assistance of counsel.

————————◆————————

## REPLY TO ISSUE FOR REVIEW ONE

Under his first issue for review, the appellant claims that this Court "erred in denying Appellant's motion to abate his appeal so that he could adequately develop the record to assert his ineffective assistance of counsel allegation on direct appeal." In each of the cases before this Court, the appellant has filed a motion to abate, in which he asks this Court to "remand these cases to the trial court and to direct the trial court to take whatever action it deems necessary or appropriate to have former trial attorney Jyll Rekoff appear and testify regarding Appellant's motion for new trial." (Appellant's motion at 8-9).

In his motion to abate, the appellant conceded that a hearing was held on his motion for new trial (Appellant's motion at 2). The appellant also noted that, at that motion for new trial hearing, he was not able to obtain the testimony of his trial attorney, Jyll Rekoff (Appellant's motion at 3). In his motion to abate, the appellant also noted that he was "**not** alleging erroneous action, failure, or refusal to act by the trial court, but is alleging that the 75 day, mandate to rule on Appellant's Motion for

4

New Trial imposed by Rule 21.8(a) TRAP, arbitrarily stripped the trial court of jurisdiction, and prevents the proper presentation of these cases to the Court of Appeals." (Appellant's motion at 1).

But a hearing was in fact held on the appellant's motion for new trial, and the trial court ruled on the motion for new trial by denying the motion in each case. The appellant does not claim that he sought (or was denied) a continuance of his motion for new trial, so that he could obtain the testimony of his trial attorney. The State continues to respectfully suggests that the appellant has failed to raise facts that would necessitate or authorize this Court to restore jurisdiction to the trial court, so that the trial court can hold yet another hearing on the appellant's motion for new trial. Therefore, this Court was correct to deny the appellant's motion to abate the appeal.

## Alternative Argument – Jurisdiction

As it has in the past, the State continues to respectfully contend that (1) a court of appeals does not have the authority to restore jurisdiction to a trial court, so that the trial court would be required to file and have heard an out-of-time motion for new trial (2) absent some indication already in the appellate record that some error has occurred that would necessitate a hearing on a motion for new trial. *Cf. Campbell v. State*, 77 S.W.3d 918, 920-21 (Tex. App.—Amarillo 2002, no pet.). *Cf. also Sandoval v. State*, 993 S.W.2d 417, 418-19 (Tex. App.—Corpus Christi 1999, no pet.).

5

## **Authority to Restore Jurisdiction to Trial Court**

It is well settled that, once a court of appeals obtains jurisdiction over an appeal, the trial court loses jurisdiction over the case. *Lopez v. State*, 18 S.W.3d 637, 639 & n.9 (Tex. Crim. App. 2000) (citing *Green v. State*, 906 S.W.2d 937, 939 (Tex. Crim. App. 1995)). The trial court cannot thereafter regain jurisdiction unless the court of appeals *properly* returns the case to that court. *Lopez*, 18 S.W.3d at 639 & n.10 (citing *Green v. State*, 906 S.W.2d 937, 940 n.4 (Tex. Crim. App. 1995); *Adkins v. State*, 764 S.W.2d 782, 784 (Tex. Crim. App. 1988); *Garrett v. State*, 749 S.W.2d 784, 786-87 (Tex. Crim. App. 1986); *Duncan v. Evans*, 653 S.W.2d 38, 40 (Tex. Crim. App. 1983)).

In *Green v. State*, the Texas Court of Criminal Appeals "held that once the trial court has submitted the record to the court of appeals, the trial court loses jurisdiction until it receives a *mandate* from the appellate court. TEX. R. APP. P. 25.2(e) states, "Once the record has been filed in the appellate court, all further proceedings by the trial court—except as provided otherwise by law or by these rules—will be suspended until the trial court receives the appellate-court mandate." Also, it is axiomatic that, where there is no jurisdiction "the power of a court to act is absent as if it [the court] did not exist." *Green v. State*, 906 S.W.2d 937, 939 (Tex. Crim. App. 1995). *See Berry v. State*, 995 S.W.2d 699, 700 (Tex. Crim. App. 1999). *See also Drew v. State,* 743 S.W.2d

207, 223 (Tex. Crim. App. 1987) (citing *Garcia v. Dial*, 596 S.W.2d 524, 528 (Tex. Crim. App. 1980); *Ex parte Caldwell*, 383 S.W.2d 587 (Tex. Crim. App. 1964)).

In *Berry v. State*, the Texas Court of Criminal Appeals further held that, because supplemental findings of fact and conclusions of law had been made after the appellate record had been filed with the court of appeals, the trial court was without jurisdiction to make those supplemental findings of fact and conclusions of law. The court further held that the Texas Rules of Appellate Procedure did not give the court of appeals the authority to *give jurisdiction to the trial court* to make those supplemental findings of fact and conclusions of law. *See Berry*, 995 S.W.2d at 700-02. *Cf. Lewis v. State*, 711 S.W.2d 41, 42-44 (Tex. Crim. App. 1986) (when case was abated to trial court to determine why defendant's appellate brief had not been filed, trial judge was not permitted to hold evidentiary hearing, in which defendant could present evidence in hopes of supporting his intended claim of ineffective assistance of counsel).

Therefore, it is also well settled that, under the Texas Rules of Appellate Procedure, jurisdiction cannot be retroactively obtained. *State v. Riewe*, 13 S.W.3d 408, 412-13 (Tex. Crim. App. 2000). In *State v. Riewe*, in reaffirming such a holding, the Texas Court of Criminal Appeals stated,

> [W]hen the Legislature granted this Court rule-making authority, it expressly provided that the rules could not abridge, enlarge or modify the substantive rights of a litigant. And our caselaw prevents a court of appeals from using an appellate rule to create jurisdiction where none exists. It does not matter which appellate rule the court of appeals attempts to use, be it former Rule 83, former Rule 2(b), or current Rule 25.2(d). The point is that, once jurisdiction is lost, the court of appeals

7

> lacks the power to invoke any rule to thereafter obtain jurisdiction. *Even a claimed deprivation of constitutional rights cannot confer jurisdiction upon a court where none exists, anymore than parties can by agreement confer jurisdiction upon a court.*

*Riewe*, 13 S.W.3d at 413 (citations omitted) (emphasis added). *See also Olivo v. State*, 918 S.W.2d 519, 525 (Tex. Crim. App. 1996) (citing *Drew v. State,* 743 S.W.2d 207, 225 (Tex. Crim. App. 1987)).

In the instant case, a court of appeals does not have the authority to restore jurisdiction to the trial court to consider an otherwise untimely filed motion for new trial, over which the trial court has already lost jurisdiction. As the Texas Court of Criminal Appeals stated in *Oldham*:

> The time limits set forth in the Rules of Appellate Procedure are not discretionary. . . . If appellate courts were able to suspend the timetables, to which they are held to comply, there would be nothing this Court could do to promote the timeliness of the appellate process and the very purpose of the Rules would be undermined.

*Oldham*, 977 S.W.2d at 358 (quoting *Garza v. State*, 896 S.W.2d 192, 194 (Tex. Crim. App. 1995). *See also State v. Garza*, 931 S.W.2d 560, 563 (Tex. Crim. App. 1996); *State ex rel. Cobb v. Godfrey,* 739 S.W.2d 47, 49 (Tex. Crim. App. 1987) ("Suspension of rules of appellate procedure by this Court is a serious matter, not to be undertaken lightly.").

As the Texas Court of Criminal Appeals further stated in *Oldham*, "A defendant's right to file a motion for new trial emanates exclusively from the Rules of Appellate Procedure, and the Rules must be strictly complied with when seeking the

8

remedy." *Oldham*, 977 S.W.2d at 361 (citing *Drew v. State,* 743 S.W.2d 207, 223 (Tex. Crim. App. 1987) (there is no common law right to move for a new trial in a criminal case; remedy must be pursued in the manner prescribed)). This Court should not order the trial court to give the appellant an opportunity to file and have heard an out-of-time motion for new trial, when the trial court has already lost jurisdiction to consider an out-of-time motion for new trial.

## Abatement of an Appeal when Error is Apparent in the Record

There are situations in which appellate courts have properly permitted abatements of appeals. *See McIntire v. State,* 698 S.W.2d 652, 662 (Tex. Crim. App. 1985); *Crosson v. State,* 36 S.W.3d 642 (Tex. App.—Houston [1st Dist.] 2000, no pet.). In *McIntire v. State*, the Texas Court of Criminal Appeals was confronted with actual error on the part of the trial court in failing to hold a hearing on a timely filed motion for new trial. Therefore, the court abated the appeal to determine if a hearing on a motion for new trial could even be held, since three years had passed during the pendency of the appeal. Similarly, in *Crosson v. State*, this Court had been confronted with actual error on the part of the trial court in excluding testimony at a hearing on the defendant's motion to suppress. *See Crosson v. State,* 36 S.W.3d 642 (Tex. App.— Houston [1st Dist.] 2000, no pet.)). In the instant case, the appellant has not

9

identified any error on the part of the trial court in not permitting testimony to be developed at trial.

In *Trevino v. State*, the defendant was denied his right to have an attorney at the hearing on a timely filed motion for new trial—despite his repeated requests for an attorney throughout the hearing on his motion for new trial. *See Trevino v. State*, 565 S.W.2d 938, 939-40 (Tex. Crim. App. 1978). *Cf. also Connor v. State*, 877 S.W.2d 325, 325-27 (Tex. Crim. App. 1994). Undeniably, in that case, the defendant was entitled to an abatement of the appeal, so that he could have his motion for new trial properly heard before the trial court. In that case, there was actual error on the part of the trial court in permitting a motion for new trial to be heard in the absence of the defendant's attorney.

Therefore, when a trial court commits the actual error of refusing to have a hearing on a defendant's motion for new trial—even though the defendant has taken the appropriate actions in order for a hearing to be required—it is appropriate for the case to be abated or remanded so that a hearing can be held on the defendant's motion for new trial. *See Martinez v. State*, 74 S.W.3d 19, 21-22 (Tex. Crim. App. 2002); *Reyes v. State*, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993); *McIntire v. State*, 698 S.W.2d 652, 660-61 (Tex. Crim. App. 1985).

Moreover, the Texas Court of Criminal Appeals has consistently abated appeals to the trial court when—in violation of *Batson v. Kentucky,* 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986)—the trial judge has committed the actual error of refusing to

10

permit a full and/or appropriate hearing on the defendant's claim that the trial prosecutor engaged in purposeful racial discrimination in the exercise of his peremptory challenges. *See Hutchinson v. State*, 86 S.W.3d 636 (Tex. Crim. App. 2002); *Guzman v. State*, 85 S.W.3d 242 (Tex. Crim. App. 2002); *Trevino v. State*, 841 S.W.2d 385, 387 (Tex. Crim. App. 1992); *Rousseau v. State*, 824 S.W.2d 579, 580-85 (Tex. Crim. App. 1992); *Emerson v. State*, 820 S.W.2d 802, 805 (Tex. Crim. App. 1991); *State v. Oliver*, 808 S.W.2d 491, 496 (Tex. Crim. App. 1991); *Miller-El v. State*, 748 S.W.2d 459, 459-61 (Tex. Crim. App. 1988); *Williams v. State*, 731 S.W.2d 563, 564 (Tex. Crim. App. 1987); *Keeton v. State*, 724 S.W.2d 58, 66-67 (Tex. Crim. App. 1987).

The Texas Court of Criminal Appeals has also abated appeals so that a restitution hearing can be held, in cases in which the trial court has erroneously ordered restitution. *See Barton v. State*, 21 S.W.3d 287, 289-90 (Tex. Crim. App. 2000); *Cartwright v. State*, 605 S.W.2d 287, 289 (Tex. Crim. App. 1980). Abatement of an appeal back to the trial court is also appropriate when the trial court commits the actual error of failing to file findings of fact and conclusions of law on the voluntariness of a defendant's confession, in violation of TEX. CRIM. PROC. CODE ANN. art. 38.22, § 6 (Vernon 1979). *See Green v. State*, 906 S.W.2d 937, 938-40 (Tex. Crim. App. 1995). The court has also held that abatement of an appeal back to the trial court is appropriate when the trial court commits the error of refusing to permit the defendant to present a bill of exception or other offer of proof. *See Kipp v. State*,

11

876 S.W.2d 330, 340 n.15 (Tex. Crim. App. 1994); *Spence v. State*, 758 S.W.2d 597, 599-600 (Tex. Crim. App. 1988).

The Texas Court of Criminal Appeals has permitted an abatement for the correction of errors or inaccuracies in the appellate record, as specifically permitted by the rules of appellate procedure. *See James v. State*, 745 S.W.2d 28 (Tex. Crim. App. 1988). The court has also permitted abatement of an appeal to the trial court when the trial judge has erroneously failed to hold a proper hearing on the defendant's competency to stand trial. *See Manning v. State*, 730 S.W.2d 744, 750 (Tex. Crim. App. 1987); *Brandon v. State,* 599 S.W.2d 567 (Tex. Crim. App. 1979); *Garcia v. State*, 595 S.W.2d 538, 542 (Tex. Crim. App. 1980); *Callaway v. State*, 594 S.W.2d 440, 441 (Tex. Crim. App. 1980). In all of these situations in which the Texas Court of Criminal Appeals has permitted an abatement of the appeal back to the trial court for further proceedings, the record has reflected some actual error on the part of the trial court. In that situation, an abatement of the appeal would be appropriate under TEX. R. APP. P. 44.4.

Based upon these authorities, the State contends that (1) a court of appeals does not have the authority to restore jurisdiction to a trial court, so that the trial court would be required to file and have heard an out-of-time motion for new trial (2) absent some indication already in the appellate record that some error has occurred that would necessitate a hearing on a motion for new trial. In that respect, the appellant has not identified any error in the current record on appeal that would

12

necessitate the hearing of an out-of-time motion for new trial. the appellant has not met his burden to "establish" or "demonstrate from the record" that he was unrepresented or ineffectively represented during the time period during which a motion for new trial could have been filed.

## Post-Conviction Writ of Habeas Corpus

If the appellant wishes to obtain the testimony of his trial attorney on a claim of ineffective assistance of counsel, such a claim could be presented by way of post-conviction writ of habeas corpus. The State urges this Court to again express a preference for that manner of seeking post-conviction relief in such cases. *See Pettway v. State*, 4 S.W.3d 390, 391-92 (Tex. App.—Houston [1st Dist.] 1999, no pet.). A claim of ineffective assistance of counsel can and should be properly and fully developed in a post-conviction writ of habeas corpus. *See Yarbrough*, 57 S.W.3d at 617. *See also Easton v. State*, 920 S.W.2d 747, 750 (Tex. App.—Houston [1st Dist.] 1996, no pet.); *Bowler v. State*, 822 S.W.2d 334 (Tex. App.—San Antonio 1992, pet. ref'd).

> Experience has taught us that in most instances where the claim of ineffective assistance of counsel is raised, the record on direct appeal is simply not in a shape, perhaps because of the very alleged ineffectiveness below, that would adequately reflect the failings of trial counsel. Indeed, in a case such as this, where the alleged derelictions primarily are errors of *omission* de hors the record rather than *commission* revealed in the trial record, collateral attack may be . . . the vehicle by which a thorough and detailed

13

> examination of alleged ineffectiveness may be developed and spread upon a record.
>
> *Ex parte Duffy*, 607 S.W.2d 507, 513 (Tex. Crim. App. 1980). "For this reason we have held that, when direct appeal has not provided an adequate record to evaluate a claim which might be substantiated through additional evidence gathered in a habeas corpus proceeding, we will not apply the general doctrine that forbids raising a claim on habeas corpus after it was rejected on appeal. *Ex parte Torres,* 943 S.W.2d 469, 475 (Tex. Crim. App. 1997)." *Jackson v. State,* 973 S.W.2d 954, 957 (Tex. Crim. App. 1998).

*Oldham*, 977 S.W.2d at 363. In addition to expressing a preference for raising a claim of ineffective assistance of counsel by way of a post-conviction writ of habeas corpus, as opposed to a direct appeal, the Texas Court of Criminal Appeals has further stated a preference for raising a claim of ineffective assistance of counsel by way of a post-conviction writ of habeas corpus, as opposed to a motion for new trial:

> [T]here is not generally a realistic opportunity to adequately develop the record for appeal in post-trial motions. In this regard, we have noted that a post-conviction writ proceeding, rather than a motion for new trial, is the preferred method for gathering the facts necessary to substantiate such a Sixth Amendment challenge:
>
>> While expansion of the record may be accomplished in a motion for new trial, that vehicle is often inadequate because of time constraints and because the trial record has generally not been transcribed at this point. Further, mounting an ineffective assistance attack in a motion for new trial is inherently unlikely if the trial counsel remains counsel during the time required to file such a motion. Hence, in most ineffective assistance claims, a writ of habeas corpus is essential to gathering the facts necessary to adequately evaluate such claims.
>
> *Ex parte Torres,* 943 S.W.2d 469, 475 (Tex. Crim. App. 1997)

*Robinson v. State*, 16 S.W.3d 808, 810 (Tex. Crim. App. 2000). If the appellant has a legitimate claim of ineffective assistance of counsel on the part of his trial attorney, he will be best able to establish that fact and obtain the proper relief by way of a post-conviction writ of habeas corpus, and not through an ordered **second** hearing on his motion for new trial. This Court was correct to deny the appellant's motion to appeal the appeal. The appellant's first issue for review should be overruled.

——————————◆——————————

## <u>REPLY TO ISSUE FOR REVIEW TWO</u>

Under his second issue for review, the appellant claims, "The Trial Court erred in denying Appellant's motion for new trial alleging ineffective assistance of trial counsel at two stages: 1) His plea of guilty; 2) Failure to pursue his motion to suppress." Within the body of his brief, however, the appellant appears to concede that he cannot prevail—on the current record—on the allegation that his trial attorney rendered ineffective assistance of counsel with regard to his pleas of guilty (appellant's brief at 10-11).

As noted in the State's reply to the appellant's first point of error, that aspect of an allegation of ineffective assistance of counsel should properly be presented by way of an application for a post-conviction writ of habeas corpus. This Court's review of the appellant's preferred claim of ineffective assistance of counsel—his trial attorney's

15

alleged failure to sufficiently pursue a motion to suppress—is further aggravated by the fact that—at the hearing on the appellant's motion for new trial—the parties only litigated the claim that the appellant's trial attorney had rendered ineffective assistance of counsel by causing the appellant to enter involuntary pleas of guilty.

*Strickland v. Washington,* 466 U.S. 668 (1984), defines the elements required to show ineffective assistance of counsel. There are two required components: a performance component and a prejudice component. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. To satisfy this prong of the analysis, a defendant must show that counsel's representation fell below an objective standard of reasonableness based upon prevailing professional norms. For this performance inquiry, an appellate court should consider all of the circumstances, with a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Perez v. State,* 310 S.W.3d 890, 892-93 (Tex. Crim. App. 2010). This strong presumption means that, unless there is a record sufficient to demonstrate that counsel's conduct was not the product of an informed strategic or tactical decision, a reviewing court should presume that trial counsel's performance was constitutionally adequate unless the challenged conduct was so outrageous that no competent attorney would have engaged in it. *Frangias v. State,* 392 S.W.3d 642, 652 (Tex. Crim. App. 2013).

16

Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. To satisfy this element, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. To succeed on an ineffectiveness claim, a defendant must show both components; failure to show either deficient performance or prejudice will defeat the ineffectiveness claim. The defendant bears the burden of proving ineffectiveness by a preponderance of the evidence. *Perez,* 310 S.W.3d at 893.

In ruling on a motion for new trial, in which the defendant has raised a claim of ineffective assistance of counsel, the trial court has the right to accept or reject any part of a witness's testimony. Indeed, as the sole factfinder and judge of the credibility and weight of each piece of evidence, whether presented during live testimony or in affidavits, the trial court is within its right to disbelieve *any* of the assertions upon which the defendant's claims of ineffective assistance of counsel are based, so long as the basis for that disbelief is supported by at least one reasonable view of the record. This is true even when the State does not deign to controvert the evidence, affidavit or otherwise, that the defendant had presented. Finally, because claims of ineffective assistance of counsel involve mixed questions of law and fact that often contain subsidiary questions of historical fact, some of which may turn upon the credibility and demeanor of witnesses, an appellate court should review the

trial court's rulings on the matter for an abuse of discretion, reversing only if the trial judge's ruling was clearly erroneous and arbitrary, such as when no reasonable view of the record could support the trial court's ruling. *Odelugo v. State,* 443 S.W.3d 131, 137 (Tex. Crim. App. 2014).

The appellant appears to claim that his trial attorney rendered ineffective assistance of counsel in failing to adequately litigate the sufficiency of the search warrant affidavit because the affidavit did not reveal when a confidential informant had viewed illegal narcotics at the particular location where the illegal narcotics were recovered (appellant's brief at 11-13). The search warrant affidavit provided in pertinent part:

> Within the past forty eight (48) hours, Affiant and members of the Houston Money Laundering Initiative Task Force conducted a narcotics investigation at the above described location believed to be storing a large quantity of marijuana.
>
> Affiant spoke to a credible and reliable person who will be referred to as a confidential informant (CI). Affiant has worked with the CI in the past and the CI has provided information about narcotics traffickers that Affiant has been able to independently verify.
>
> The CI informed Affiant that the CI met the above listed suspect and that he has a large quantity of marijuana for sale. The suspect told the CI that he is storing the large quantity of marijuana at the described location for the purpose of selling to customers.

(C.R. I-60; C.R. II-60). The affidavit reflects that a narcotics investigation began and continued during a 48-hour period before the warrant was presented to a magistrate. The informed told the affiant that the suspect "has" a large quantity of marijuana for

18

sale, and that the suspect "is storing" the large quantity of marijuana at the suspect location.

The magistrate could reasonably infer from these statements that both the observation by the informant and the relaying of the information had occurred within the 48 hours preceding the presentment of the affidavit to the magistrate. *See State v. McLain,* 337 S.W.3d 268, 274 (Tex. Crim. App. 2011) (holding magistrate could infer informant observed defendant with methamphetamine and relayed information to officer within previous 72 hours). The use of the present tense also suggests that the large quantity of marijuana was at the suspect location contemporaneously or at least recent to the presentation of the affidavit to the magistrate. *See Jones v. State,* 338 S.W.3d 725, 737-38 (Tex. App.—Houston [1st Dist.] 2011), *aff'd,* 364 S.W.3d 854 (Tex. Crim. App. 2012); *Nichols v. State,* 877 S.W.2d 494, 498 (Tex. App.—Fort Worth 1994, pet. ref'd). *See also Jones v. State,* 364 S.W.3d 854, 860 (Tex. Crim. App.), *cert. denied,* 133 S. Ct. 370 (2012) ("We have suggested that time is a less important consideration when an affidavit recites observations that are consistent with ongoing drug activity at a defendant's residence."). The appellant has failed to prove that his trial attorney rendered ineffective assistance of counsel by failing to adequately litigate the sufficiency of the search warrant affidavit. The appellant's second issue for review should be overruled.

——————◆——————

19

## CONCLUSION

It is respectfully submitted that all things are regular and that the convictions should be affirmed.

DEVON ANDERSON
District Attorney
Harris County, Texas

/s/ **Alan Curry**

ALAN CURRY
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-5826
TBC No. 05263700
curry_alan@dao.hctx.net

# CERTIFICATE OF COMPLIANCE

The undersigned attorney certifies that this computer-generated document has a word count of 5,073 words, based upon the representation provided by the word processing program that was used to create the document.

/s/ **Alan Curry**

**ALAN CURRY**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-5826
TBC No. 05263700
curry_alan@dao.hctx.net

# CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing instrument has been mailed to the

appellant's attorney at the following address on January 2, 2015:


Connie B. Williams
Attorney at Law
1314 Texas Avenue, Suite 710
Houston, Texas  77002
CBW1710@hotmail.com


/s/ **Alan Curry**

**ALAN CURRY**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002
(713) 755-5826
TBC No. 05263700
curry_alan@dao.hctx.net

Date:  January 2, 2015