In The Texas Court Of Criminal Appeals
Re: 1ocr1217-83-7

Ex Parte Thomas Florence void # 1

RECEIVED IN
COURT OF CRIMINAL APPEALS
MAY 18 2015
Abel Acosta, Clerk

Dear Clerk, The Galveston County District Clerk Has Skipped Over My Questions.

63,775-21

I'm Writing To Ask Is This The Writ (1ocr1217-83-7) That Was Transfered To Galveston County From Clerk(s) Of The San Antonio District Clerks Office FN1???

I Recieved A 4-8-2015 letter Stating Said Writ And Exhibits Was Sent To Galveston Co.

Because I Also Refiled 1ocr1217-83-5 Art.11.07 That Was Solely Dismissed Due Due Probe Issue. See Ex Parte Blacklock 191 SW3d 718.719 (Ter. Crim. App. 2006,) Citing 73.1 And Methods That Should be Used Id. FN Writ Was Newly Obtained Said-

FN.1 EXH.A,
FN2 1ocr1217-83-5

From The Allege Victim In Gov#
20cr13986 Charging And Arrest
And "Prosecuting Documents And
Conviction Documents.

Under Id. III, Sais Refiling Of
6cr1217-83-5 Was Now In Compliance
And The Clerk In Galveston
Fails To Reply To This Issue.

Sharon Hill 5/13/15

# Donna Kay M<sup>c</sup>Kinney



District Clerk       Bexar County

April 8, 2015

Thomas Florence,

     Thank you for your letter in regards to your writ application. Your writ application has been forwarded to Galveston, as you do not have any pending cases here in Bexar County. Please contact Galveston District Clerk's Office for any questions or concerns you may have about your writ application.

**Donna Kay M<sup>c</sup>Kinney**
Clerk of the District Courts
Bexar County, Texas

By Monica Rivera

MONICA RIVER
DEPUTY DISTRICT CLERK

PAUL ELIZONDO TOWER * 101 W. NUEVA STE. 217 * SAN ANTONIO, TEXAS 78205-3002 * (210) 335-3141


EVIDENCE 10CR1217-83-7
JUDICIAL NOTICE T.R.E. 201

WAEL A. KASSEM, Appellant v. THE STATE OF TEXAS, Appellee
COURT OF APPEALS OF TEXAS, FIRST DISTRICT, HOUSTON
263 S.W.3d 377; 2008 Tex. App. LEXIS 3298
NO. 01-07-00463-CR
May 8, 2008, Opinion Issued

**Notice:**

PUBLISH. TEX. R. APP. 47.2

**Editorial Information: Prior History**

On Appeal from County Criminal Court at Law No. 12, Harris County, Texas. Trial Court Cause No. 5471.

**Counsel** For APPELLANT: Alexander B. Wathen, KUBOSH & ASSOCIATES, Houston, TX.

For APPELLEE: Marshall Shelsy, Office of Court Management, Houston, TX.

**Judges:** Panel consists of Justices Taft, Keyes, and Alcala.

**CASE SUMMARY**

**PROCEDURAL POSTURE:** Defendant was convicted in a municipal court of failure to obey a traffic control device. The County Criminal Court at Law No. 12, Harris County (Texas) affirmed. Defendant appealed. A municipal court erred by denying defendant's Batson motion under Tex. Code Crim. Proc. Ann. art. 35.261 because defendant's assertion, which was confirmed by the record, that the State used all of its strikes on jurors of a single race was sufficient to meet his prima facie burden.

**OVERVIEW:** Defendant argued, inter alia, that the municipal court erred by denying his Batson motion because "the State used 100 percent of its peremptory strikes toward African-Americans that comprise approximately a third or maybe 40 percent of the panel." The court of appeals agreed. On appeal, the county criminal court at law properly determined that the municipal court erred by stating that Batson applied only when the defendant was of the same race as the jurors who were struck. However, the county criminal court at law erroneously determined that defendant failed to meet his prima facie burden under Batson. Defendant's assertion, which was confirmed by the record, that the State used all of its strikes on jurors of a single race was sufficient to meet his prima facie burden. Additionally, the county criminal court at law erred by holding that the issue of the sufficiency of the evidence was waived.

**OUTCOME:** The judgment was reversed and the case was remanded for further proceedings.

**LexisNexis Headnotes**

*Criminal Law & Procedure > Juries & Jurors > Challenges to Jury Venire > Equal Protection*

ltxcases 1

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

*Challenges > Burdens of Proof*
*Criminal Law & Procedure > Juries & Jurors > Challenges to Jury Venire > Equal Protection*
*Challenges > Equal Protection Rule*
*Criminal Law & Procedure > Juries & Jurors > Challenges to Jury Venire > Equal Protection*
*Challenges > Tests*

Using a peremptory challenge to strike a potential juror because of race violates the Equal Protection Clause of the U.S. Constitution, as well as Tex. Code Crim. Proc. Ann. art. 35.261 (2006). In the face of perceived purposeful discrimination, the defendant may request a Batson hearing. Art. 35.261(a). Because Batson protects the juror's right to be free from discrimination as well as the defendant's, the defendant need not be the same race as the jurors struck by the State. A defendant's Batson challenge to a peremptory strike is a three-step process. The defendant must first make a prima facie case of racial discrimination, based on the totality of relevant facts about the prosecutor's conduct during the trial. Art. 35.261. A prima facie case is what raises the issue, not what eventually disposes of it. In determining, therefore, whether a prima facie case is reflected on the record, courts are not to resolve the question of deliberate racial discrimination on its merits. They are simply to decide whether the issue has been raised. The defendant's burden of establishing a prima facie case of discrimination is not onerous.

*Criminal Law & Procedure > Juries & Jurors > Challenges to Jury Venire > Equal Protection*
*Challenges > Burdens of Proof*
*Criminal Law & Procedure > Juries & Jurors > Challenges to Jury Venire > Equal Protection*
*Challenges > Tests*

In the context of a Batson challenge, if the defendant makes a prima facie case, the burden of production shifts to the State to present a race-neutral reason for its challenged strike, a reason that is a clear and reasonably specific explanation of the legitimate reasons for exercising its strike. Tex. Code Crim. Proc. Ann. art. 35.261(a) (2006). When the prosecutor responds with a race-neutral explanation, the defendant may rebut the State's explanation. In the third and final step, the trial court must decide whether the defendant carried the burden to establish purposeful discrimination. The trial court's inquiry addresses whether the prosecutor contrived the neutral reasons provided for the peremptory challenge in order to conceal racially discriminatory intent. Throughout the challenge, the burden of persuasion remains with the defendant, who may continue to rebut the prosecutor's explanations before the trial court decides the Batson challenge. Art. 35.261(a). A defendant is entitled to a new trial if even a single juror is wrongfully excluded from serving.

*Criminal Law & Procedure > Juries & Jurors > Challenges to Jury Venire > Equal Protection*
*Challenges > Procedures*

When a prima facie showing has been made under Batson, the law requires that the trial court conduct a hearing and make the determinations prescribed by Batson.

*Criminal Law & Procedure > Postconviction Proceedings > Motions for New Trial*
*Criminal Law & Procedure > Appeals > Reviewability > Preservation for Review > Requirements*

See Tex. Gov't Code Ann. § 30.00014(a).

*Criminal Law & Procedure > Appeals > Standards of Review > Abuse of Discretion > General Overview*

A complaint is a sworn allegation charging the accused with the commission of an offense in justice and municipal courts. Tex. Code Crim. Proc. Ann. art. 45.018(a) (2006). A complaint is sufficient if it shows the

ltxcases 2

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

6CK1217-83-7

accused has committed an offense against the law of the state. Tex. Code Crim. Proc. Ann. art. 45.019(a)(4) (2006). An appellate court reviews the decision to grant a motion to quash under an abuse of discretion standard. A trial court abuses its discretion if it acts without reference to guiding rules and principles, or acts arbitrarily or unreasonably. A motion to quash should be granted only when the language concerning the defendant's conduct is so vague or indefinite as to deny him effective notice of the acts he allegedly committed.

*Criminal Law & Procedure > Criminal Offenses > Vehicular Crimes > Traffic Control Device Violations > Elements*

See Tex. Transp. Code Ann. § 544.004(a).

When a complaint tracks the statutory language proscribing conduct, it is sufficient to charge a criminal offense.

**Opinion**

**Opinion by:**     Elsa Alcala

**Opinion**

{263 S.W.3d 380} Appellant, Wael Kassem, appeals a conviction for failure to obey a traffic control device. *See* TEX. TRANS. CODE ANN. § 544.004 (Vernon 1999). Kassem pleaded not guilty in the municipal court. The jury found him guilty and assessed his punishment at a $ 200 fine. Appellant filed a motion for new trial and appealed to the County Criminal Court at Law, which affirmed his conviction. *See* TEX. GOV'T CODE ANN. § 30.00014(a) (Vernon Supp. 2007). Appellant now appeals to this Court. In three issues, appellant contends (1) the municipal court erred by denying appellant's *Batson* motion, (2) the municipal court erred by denying his motion to quash the complaint, and (3) the evidence is legally and factually insufficient to support the verdict. We conclude that the County Criminal Court at Law erred (1) by holding that appellant did not make a prima facie case under *Batson v. Kentucky*, 1 {263 S.W.3d 381} and (2) by holding that appellant's legal and factual sufficiency challenges were waived. We reverse and remand to the County Criminal Court at Law.

**Factual Background**

In May 2005, appellant was driving in the westbound lane on Broad Street in Houston, Texas, where he made a left turn onto the access road of the Gulf Freeway. At the intersection, there was a sign that said "Left Turn on Green Arrow Only." Officer Cinco of the Houston Police Department saw appellant make the turn when the green arrow was not lit. Although he could not see directly whether appellant had a green arrow, Officer Cinco stated that he knew the green arrow was not lit. Officer Cinco could see that the light of the eastbound lane was green, which necessarily meant that the green arrow was no longer lit when appellant made the turn. Cinco also stated that he checked the light the same afternoon and it was in proper working order. Appellant was issued a ticket and appeared in municipal court, where he pleaded not guilty.

A pool of 14 jurors was summoned for jury selection. Of the 14 jurors, six were African-American. With its peremptory strikes, the State struck three of the six African-American jurors, thus using 100% of its strikes on African-American jurors. Appellant made a motion under *Batson*, stating that "the

1txcases                                    3

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

State used 100 percent [of its peremptory strikes] toward African-Americans that comprise approximately a third or maybe 40 percent of the panel." The court responded that it was denying appellant's motion because "[the struck jurors have] to be the same race as the defendant." Appellant requested that "the State argue why *Batson* applies or not." The State agreed to briefly state its reasons. Before the State began to offer its reasons for the strikes, the court stated, "I'm going to allow it anyway. Go ahead." The State offered reasons for striking two of the three jurors, but it gave no explanation for the third struck juror. The trial court did not modify its earlier ruling on appellant's *Batson* motion after the State articulated its reasons, stating only, "I'm going to read and release the remainder of the jurors and call the bailiff to the jury assembly room." The jury was then seated.

The record confirms that the State exercised all three of its peremptory challenges against three of the six African-American jurors on the panel, striking jurors 4, 5, and 12. Two African Americans served on the jury, and another African American, a corrections officer who indicated that he had a low opinion of defense attorneys, was struck by the defense.

After the jury found appellant guilty, he filed a motion for new trial, asserting five grounds. The municipal court did not rule on the motion, which was overruled by operation of law.

**Batson Challenge**

In his second point of error, appellant contends the trial court erred by denying his *Batson* challenge because the State used all three of its peremptory challenges to strike three African Americans from the venire. In its brief, the State contends that appellant has not made a prima facie case because the stricken potential jurors were not the same race as appellant.

**A. Applicable Law under *Batson***

Using a peremptory challenge to strike a potential juror because of race violates the Equal Protection Clause of the U.S. Constitution, as well as article 35.261 of the Texas Code of Criminal Procedure. {263 S.W.3d 382} *See Batson v. Kentucky*, 476 U.S. 79, 86, 106 S. Ct. 1712, 1717, 90 L. Ed. 2d 69 (1986); TEX. CODE CRIM. PROC. ANN. art. 35.261 (Vernon 2006). In the face of perceived purposeful discrimination, the defendant may request a *Batson* hearing. *See* TEX. CODE CRIM. PROC. ANN. art. 35.261(a). Because *Batson* protects the juror's right to be free from discrimination as well as the defendant's, the defendant need not be the same race as the jurors struck by the State. *Powers v. Ohio*, 499 U.S. 400, 416, 111 S. Ct. 1364, 1373-74, 113 L. Ed. 2d 411 (1991); *Linscomb v. State*, 829 S.W.2d 164, 165 n.6 (Tex. Crim. App. 1992).

A defendant's *Batson* challenge to a peremptory strike is a three-step process. *Purkett v. Elem*, 514 U.S. 765, 767, 115 S. Ct. 1769, 1770-71, 131 L. Ed. 2d 834 (1995); *Simpson v. State*, 119 S.W.3d 262, 268 (Tex. Crim. App. 2003). The defendant must first make a prima facie case of racial discrimination, based on the totality of relevant facts about the prosecutor's conduct during the trial. *Miller-El v. Dretke*, 545 U.S. 231, 239, 125 S. Ct. 2317, 2324, 162 L. Ed. 2d 196 (2005); *Purkett*, 514 U.S. at 767, 115 S. Ct. at 1770; *Simpson*, 119 S.W.3d at 268; *see* TEX. CODE CRIM. PROC. ANN. art. 35.261.

A prima facie case is what raises the issue, not what eventually disposes of it. In determining, therefore, whether a prima facie case is reflected on the record, courts are not to resolve the question of deliberate racial discrimination on its merits . . . . They are simply to decide whether the issue has been raised. *Linscomb*, 829 S.W.2d at 167. The defendant's burden of establishing a prima facie case of discrimination is not onerous. *Id.* (quoting *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253, 101 S. Ct. 1089, 1094, 67 L. Ed. 2d 207 (1981).

If the defendant makes a prima facie case, the burden of production shifts to the State to present a

1txcases                                    4

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.



race-neutral reason for its challenged strike, a reason that is "a clear and reasonably specific explanation of [the] legitimate reasons" for exercising its strike. *Miller-El*, 545 U.S. at 239, 125 S. Ct. at 2324; *see* TEX. CODE CRIM. PROC. ANN. art. 35.261(a). When the prosecutor responds with a race-neutral explanation, the defendant may rebut the State's explanation. *Simpson*, 119 S.W.3d at 268; *Jasper v. State*, 61 S.W.3d 413, 421 (Tex. Crim. App. 2001).

In the third and final step, the trial court must decide whether the defendant carried the burden to establish purposeful discrimination. *Miller-El*, 545 U.S. at 239, 125 S. Ct. at 2325; *Purkett*, 514 U.S. at 767, 115 S. Ct. at 1771; *Simpson*, 119 S.W.3d at 268. The trial court's inquiry addresses whether the prosecutor contrived the neutral reasons provided for the peremptory challenge in order to conceal racially discriminatory intent. *Jasper*, 61 S.W.3d at 421.

Throughout the challenge, the burden of persuasion remains with the defendant, who may continue to rebut the prosecutor's explanations before the trial court decides the *Batson* challenge. TEX. CODE CRIM. PROC. ANN. art. 35.261(a); *Purkett*, 514 U.S. at 768, 115 S. Ct. at 1771; *Simpson*, 119 S.W.3d at 268; *see Thomas v. State*, 209 S.W.3d 268, 270 (Tex. App.--Houston [1st Dist.] 2006, no pet.). A defendant is entitled to a new trial if even a single juror is wrongfully excluded from serving. *Whitsey v. State*, 796 S.W.2d 707, 716 (Tex. Crim. App. 1989) (plurality opinion).

## B. *Batson* Hearing

In response to the State's exercise of its strikes, appellant objected that the State's {263 S.W.3d 383} use of its strikes against the three African Americans was racially motivated, and made an oral *Batson* motion to the trial court. The municipal court ruled that appellant was not entitled to the *Batson* hearing because he was of a different race than the struck jurors. However, the State offered reasons for its striking jurors number 4 and 5, but it gave no explanation for juror number 12. 2

On appeal, the County Criminal Court at Law properly determined that the trial court erred by stating that *Batson* applies only when the defendant is of the same race as the jurors who were struck. However, we conclude the County Criminal Court at Law erroneously determined that appellant failed to meet his prima facie burden under *Batson*. *See Powers*, 499 U.S. at 416, 111 S. Ct. at 1373-74; *Linscomb*, 829 S.W.2d at 167. Appellant stated in his *Batson* motion that "the State used 100 percent [of its peremptory strikes] toward African-Americans that comprise approximately a third or maybe 40 percent of the panel." Appellant's assertion, which is confirmed by the record, that the State used all of its strikes on jurors of a single race is sufficient to meet his prima facie burden. *See Linscomb*, 829 S.W.2d at 167 ("[A]n unexpectedly high rate of challenges against a particular group is, as an empirical matter, some evidence of an intent to exclude persons on account of membership in that group . . . ."). We hold that the County Criminal Court at Law erred by determining that appellant failed to make a prima facie case.

When a prima facie showing has been made under *Batson*, as here, the law requires that the trial court conduct a hearing and make the determinations prescribed by *Batson*. *Hutchinson v. State*, 86 S.W.3d 636, 639 (Tex. Crim. App. 2002). The proper procedure under these circumstances is for the intermediate court, which here is the County Criminal Court at Law, to abate the cause in order for the municipal court to conduct a full *Batson* hearing and to enter findings of fact and conclusions of law or to make a determination that such a hearing would not be practicable, in which case the County Criminal Court at Law should remand for a new trial. *Id.*; *Rousseau v. State*, 824 S.W.2d 579, 585 (Tex. Crim. App. 1992); *see also Snyder v. Louisiana*, 128 S. Ct 1203, 1212, 170 L. Ed. 2d 175 (2008) (reversing due to *Batson* error when there was no "realistic possibility that this subtle question . . . could be profitably explored on remand at this late date").

We sustain appellant's second issue, and we reverse and remand to the County Criminal Court at

Law for proceedings consistent with this opinion.

## Sufficiency of the Evidence

In his third issue, appellant challenges the legal and factual sufficiency of the evidence. The County Criminal Court at Law held that appellant waived this issue because it was not included in appellant's motion for new trial, as is required for appellate review from a municipal court of record. TEX. GOV'T CODE ANN. § 30.00014(a) ("On appeal, the county court may consider only those issues raised in the defendant's motion for new trial.").

{263 S.W.3d 384} However, the issue is presented in appellant's motion for new trial. In appellant's motion for new trial, section five has the heading "The evidence is insufficient to sustain the conviction and the verdict is against the weight of the evidence." Under that heading, appellant asserts that there was a material variance between the complaint and the evidence of what the sign said, that Officer Cinco could not see the traffic light in question, and that there was no evidence that the offense occurred in the State of Texas. Furthermore, in his motion, appellant asks that the municipal court "enter a judgment of acquittal or alternatively order a new trial, or any other relief that the Court deems just." This discussion is sufficient to preserve the issue for review. *See Doctor v. Pardue*, 186 S.W.3d 4, 16 (Tex. App.--Houston [1st Dist.] 2005, pet. denied) (noting that substance of motion is determined from caption, introduction, body of motion, and prayer for relief).

We hold that the County Criminal Court at Law erred by holding this issue is waived. We reverse and remand to the County Criminal Court at Law so it may address the legal and factual sufficiency of the State's evidence.

## Motion to Quash

In his first issue, appellant asserts that the trial court erred in denying his motion to quash. When appellant made his motion in the trial court, he made it on two grounds: (1) the charging instrument did not sufficiently articulate what conduct was prohibited and (2) the complaint did not contain a proper seal of the municipal court from which it issued. The court denied the motion with respect to the first ground but withheld her ruling on the second ground. Appellant did not request a later ruling on the second ground, and the trial court never ruled on the second ground. By failing to present this Court with evidence of an adverse ruling on the second ground, appellant has waived any error arising from the trial court's refusal to grant the motion on that ground. *See Skillern v. State*, 890 S.W.2d 849, 858-59 (Tex. App.--Austin 1994, pet. ref'd). Therefore, we address only whether the charging instrument sufficiently articulated the prohibited conduct.

A complaint is a sworn allegation charging the accused with the commission of an offense in justice and municipal courts. TEX. CODE CRIM. PROC. ANN. art. 45.018(a) (Vernon 2006). A complaint is sufficient if it shows the accused has committed an offense against the law of the state. TEX. CODE CRIM. PROC. ANN. art. 45.019(a)(4) (Vernon 2006). We review the decision to grant a motion to quash under an abuse of discretion standard. *See Thomas v. State*, 621 S.W.2d 158, 163 (Tex. Crim. App. 1980); *State v. Goldsberry*, 14 S.W.3d 770, 772 (Tex. App.--Houston [1st Dist.] 2000, pet. ref'd). A trial court abuses its discretion if it acts without reference to guiding rules and principles, or acts arbitrarily or unreasonably. *Thomas*, 621 S.W.2d at 163. A motion to quash should be granted only when the language concerning the defendant's conduct is so vague or indefinite as to deny him effective notice of the acts he allegedly committed. *DeVaughn v. State*, 749 S.W.2d 62, 67 (Tex. Crim. App. 1988).

The complaint at issue recites the following:

In the name and by the authority of the state of Texas: I, the undersigned affiant, do solemnly

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

swear that I have good reason to believe and do believe that [Defendant] on or about the 5th day of May, 2005, and before making and filing this complaint, within the incorporated limits of the city of Houston, county of Harris, and state of Texas, did then and {263 S.W.3d 385} there unlawfully while operating a vehicle upon Broad Street, a public street, at its intersection with another public street to-wit: Gulf Freeway West Service Road, did fail to obey a certain official traffic control device, to-wit: a sign bearing the legend Left on Green Arrow Only, by driving the aforesaid vehicle in express violation of said traffic control device, and the said defendant was not then and there directed to proceed by a police officer, and the said defendant was not then and there operating an authorized emergency vehicle. The complaint clearly tracks the statutory language of section 544.004(a), which states "The operator of a vehicle . . . shall comply with an applicable official traffic-control device . . . unless the person is: (1) otherwise directed by a traffic or police officer; or (2) operating an authorized emergency vehicle . . . ." TEX. TRANS. CODE ANN. § 544.004(a). When a complaint tracks the statutory language proscribing conduct, it is sufficient to charge a criminal offense. State v. Edmond, 933 S.W.2d 120, 127 (Tex. Crim. App. 1996). We hold that the municipal court did not abuse its discretion by denying appellant's motion to quash because the language of the complaint tracks the language of the statute. See Edmond, 933 S.W.2d at 127. We overrule appellant's first issue.

## Conclusion

We reverse and remand to the County Criminal Court at Law for further proceedings consistent with this opinion.

Elsa Alcala

Justice

Panel consists of Justices Taft, Keyes, and Alcala.

Publish. See TEX. R. APP. P. 47.2.

### Footnotes

1

Batson v. Kentucky, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986).

2

With regard to its reasons for striking jurors 4 and 5, the State said "[Juror 4] indicated the police stopped her and she didn't do anything wrong. She may have a bias. [Juror 5] talked extensively with her about going through wooded areas she thought the speed limit was 40. She thought they [s]hould be able to go faster, and I struck her for that reason."

ltxcases                                                         7

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

---

LOCR1217-83-7

* SEE, 01-11-00822 CR MANDEL 7-30-13 VOID JUDGMENT BY E. KEYES ON ISSUE #3 IS REBUTTED BY HER OWN PAST JUDGMENT.

* SEE, 1OCR1217-83-3 ART. 11.07, ISSUES AND RODNAS HON. E. KEYES ACTS IN Id. 01-11-00822CR APPELM.